[Cite as *State v. Bello*, 2011-Ohio-3973.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 94966**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LOUIS BELLO

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-480631

**BEFORE:** Sweeney, P.J., Jones, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 11, 2011

**ATTORNEY FOR APPELLANT**

Susan J. Moran, Esq.
55 Public Square, Suite 1616
Cleveland, Ohio 44113-1901

**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Daniel T. Van, Esq.
Asst. County Prosecutor
Eighth Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, P.J.:

{¶ 1} Defendant-appellant Louis Bello ("defendant") appeals the court's sentencing him to three years in prison for community control sanctions violations. After reviewing the facts of the case and pertinent law, we affirm.

{¶ 2} On November 8, 2006, defendant was placed on community control sanctions (CCS) for a five year period after pleading no contest to three counts of child enticement in Cuyahoga County Common Pleas Court Case No. CR-480631. On February 12, 2010, defendant pled guilty to gross sexual imposition in Cuyahoga County Common Pleas Court Case No. CR-527482. On March 11, 2010, the court held a

hearing and found that defendant violated his CCS in CR-480631 by "obtaining new case CR-527482." The court revoked defendant's CCS and sentenced him to one year in prison for each child enticement offense in CR-480631 and one year in prison for the gross sexual imposition count in CR-527482, to run consecutively for an aggregate prison term of four years.

**{¶ 3}** Defendant appeals from this order and raises four assignments of error for our review.

**{¶ 4}** "I. The trial court lacked subject matter jurisdiction when it entered the order imposing a term of imprisonment after the expiration of the appellant's community control, making the revocation void ad initio."

**{¶ 5}** Defendant argues that the court had no jurisdiction to revoke his CCS on March 11, 2010, because his CCS term expired on November 8, 2009. However, defendant's argument is based on the mistaken belief that his CCS term in CR-480631 was three years. Defendant was placed on CCS for five years, from November 8, 2006 through November 8, 2010, and the court retained jurisdiction to enforce the sanctions during this time. See *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014.

**{¶ 6}** Accordingly, the court had jurisdiction to revoke defendant's CCS and his first assignment of error is overruled.

**{¶ 7}** In defendant's second assignment of error, he argues as follows:

{¶ 8} "II. The court erred in accepting appellant's guilty plea and appellant's guilty plea is void and invalid in light of the fact that the plea was not entered knowingly, voluntarily and intelligently, in violation of appellant's right to due process of law under the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution."

{¶ 9} Defendant challenges his no contest plea in CR-480631, which took place on September 19, 2006. Defendant was sentenced in this case on November 8, 2006. Defendant did not appeal his plea or sentence. Pursuant to App.R. 4(A), we lack jurisdiction to consider defendant's challenge to his no contest plea because he did not file a notice of appeal within 30 days of the final judgment. *Cleveland v. Black*, Cuyahoga App. No. 82457, 2003-Ohio-4197, ¶14 (holding that "[w]ithout a timely notice of appeal from the order challenged, this court lacks jurisdiction to consider it").

{¶ 10} Defendant's second assignment of error is overruled.

{¶ 11} Defendant's third assignment of error states as follows:

{¶ 12} "III. Appellant was denied the right to effective assistance of counsel."

{¶ 13} Defendant argues that his counsel was ineffective in CR-480631 for failing to challenge the competency of the alleged child victims. However, because defendant entered a no contest plea in that case, he waived challenges to his counsel's effectiveness, "except to the extent that the defects complained of caused the plea to be less than knowing and voluntary." *State v. Cooper*, Cuyahoga App. No. 93308, 2010-Ohio-1983,

¶40.   Additionally, as discussed in defendant's second assignment of error, he failed to file a timely direct appeal under App.R. 4(A).

{¶ 14} Defendant's third assignment of error is overruled.

{¶ 15} Defendant's fourth and final assignment of error states the following:

{¶ 16} "IV.   The trial court erred in sentencing defendant to consecutive terms of imprisonment without making the findings under Ohio R.C. 2929.14(E)(4)."

{¶ 17} In *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, ¶39, the Ohio Supreme Court concluded that "trial judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences * * *."   Given this, we find no error and defendant's final assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the   Common Pleas Court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
JAMES J. SWEENEY, PRESIDING JUDGE

LARRY A. JONES, J., and
SEAN C. GALLAGHER, J., CONCUR