[Cite as *State ex rel. Hemsley v. Burnham Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226.]

THE STATE EX REL. HEMSLEY, APPELLANT, *v.* BURNHAM UNRUH,

JUDGE, APPELLEE.

[Cite as *State ex rel. Hemsley v. Burnham Unruh*,

128 Ohio St.3d 307, 2011-Ohio-226.]

*Prohibition — Writ sought to prevent common pleas court judge from proceeding on violations of community control — Judge did not patently and unambiguously lack jurisdiction to act — Court of appeals' dismissal of complaint for writ affirmed.*

(No. 2010-1482 — Submitted January 19, 2011 — Decided January 25, 2011.)

APPEAL from the Court of Appeals for Summit County, No. 25445.

_____

**Per Curiam.**

{¶ 1}   This is an appeal from a judgment entered by the court of appeals dismissing a complaint for a writ of prohibition to prevent appellee, Summit County Court of Common Pleas Judge Brenda Burnham Unruh, from proceeding on alleged violations of community control.  Because Judge Burnham Unruh does not patently and unambiguously lack jurisdiction to proceed, we affirm the judgment of the court of appeals.

{¶ 2}   In 1998, appellant, Greg H. Hemsley, pleaded guilty to felony offenses of grand theft, theft, and misuse of credit cards, and the common pleas court accepted the plea.  Judge Burnham Unruh sentenced Hemsley to an aggregate term of 18 months in prison.

{¶ 3}   In March 2005, Judge Burnham Unruh granted Hemsley's motion for judicial release, suspended the remainder of his prison sentence, and placed him on community control for three years upon certain terms and conditions, including that the court would "consider transfer of supervision to North Carolina,

with a plan of supervision and treatment, regular monthly payments made toward restitution, regular reporting to the Summit County Adult Probation Department, and verification of regular employment provided." Hemsley moved to North Carolina with the permission of the court and the Summit County Probation Department.

{¶ 4} On March 4, 2008, Judge Burnham Unruh extended the period of Hemsley's community control by an additional two years. By letter dated January 13, 2010, the common pleas court notified Hemsley that he would be arraigned on January 28, 2010, for alleged violations of community control, including traveling to Mexico in 2010 without the permission of the sentencing judge or his Summit County or North Carolina probation officers. Hemsley pleaded not guilty to the charges, and Judge Unruh continued the hearing on the alleged violations to April 22.

{¶ 5} At the April 22, 2010 hearing, Hemsley was served with an amended charge alleging new violations of his community control, including leaving the country and traveling to Mexico around January 6, 2010, without his North Carolina supervising probation officer's approval. Hemsley moved to dismiss the charges for lack of subject-matter jurisdiction, arguing that the term of community control had expired. Judge Burnham Unruh denied the motion and rescheduled the hearing.

{¶ 6} Hemsley filed a complaint in the Court of Appeals for Summit County for a writ of prohibition to prevent Judge Burnham Unruh from conducting a community-control-violation hearing and taking any further action in the case. The judge filed a motion to dismiss the complaint, which the court of appeals granted.

{¶ 7} This cause is now before the court on Hemsley's appeal as of right.

{¶ 8} Hemsley asserts that the court of appeals erred in dismissing his prohibition complaint and failing to grant the writ. Dismissal of the prohibition

2

complaint for failure to state a claim upon which relief can be granted is appropriate if, after presuming the truth of all factual allegations of the complaint and making all reasonable inferences in Hemsley's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested extraordinary writ of prohibition. *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶ 13.

{¶ 9} Prohibition will not issue if the party seeking extraordinary relief has an adequate remedy in the ordinary course of law. *State ex rel. Mosier v. Fornof*, 126 Ohio St.3d 47, 2010-Ohio-2516, 930 N.E.2d 305, ¶ 2. "In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal." *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5.

{¶ 10} For the following reasons, the judge does not patently and unambiguously lack jurisdiction to conduct the community-control-violation hearing in Hemsley's criminal case.

{¶ 11} First, the common pleas court has basic statutory jurisdiction to proceed on the charged statutory violations. "If the court imposing sentence upon an offender sentences the offender to any community control sanction * * *, and if the offender violates any condition of the sanctions, any condition of release under a community control sanction imposed by the court, violates any law, or departs the state without the permission of the court or the offender's probation officer, the public or private person or entity that operates or administers the sanction or the program or activity that comprises the sanction shall report the violation or departure directly to the sentencing court * * *." R.C. 2929.15(A)(2)(b). Under R.C. 2929.15(B)(1), "[i]f the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the

sentencing court may impose upon the violator one or more of the [specified] penalties," including a prison term. The common pleas court was the sentencing court for Hemsley, and the Summit County Probation Department charged him with violating the conditions of his community-control sanction and with leaving North Carolina without the permission of either the court or his probation officer.

{¶ 12} Second, the expiration in March 2010 of the five-year period of community control for Hemsley did not divest the common pleas court and Judge Burnham Unruh of subject-matter jurisdiction over the community-control-violation hearing. Hemsley relies on former R.C. 2951.09, which provided that at the termination of the probation period, "the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged." 140 Ohio Laws, Part V, 7136, 7561. In *Davis v. Wolfe* (2001), 92 Ohio St.3d 549, 751 N.E.2d 1051, we held that this provision prevented a common pleas court from revoking a criminal defendant's probation and sentencing him after his probationary period had expired even if the revocation proceeding was initiated before the probationary period expired. "Discharge is required [under this provision] even if the alleged probation violation occurred during the probationary period and could have resulted in a valid probation revocation and imposition of sentence if it had been timely prosecuted." Id. at 551, citing *Kaine v. Marion Prison Warden* (2000), 88 Ohio St.3d 454, 455, 727 N.E.2d 907.

{¶ 13} Former R.C. 2951.09, however, was repealed effective January 1, 2004, before Hemsley was placed on community control. 149 Ohio Laws, Part V, 9484, 9485. And although under R.C. 2951.011, former R.C. 2951.09 would apply to "a person upon whom a court imposed a sentence for a *misdemeanor* offense prior to January 1, 2004, and a person upon whom a court, on or after January 1, 2004, and in accordance with law existing prior to January 1, 2004, imposed a sentence for a *misdemeanor* offense that was committed prior to January 1, 2004," the underlying offenses for Hemsley were *felony* offenses.

Therefore, former R.C. 2951.09 and *Davis* are inapplicable to Hemsley.  Cf. *State v. Young*, Montgomery App. No. 23679, 2010-Ohio-4145 (applying former R.C. 2951.09 to a misdemeanant who was sentenced on an underlying offense of petty theft before the statute was repealed).  Because R.C. 2951.09 was not applicable, the court was authorized to conduct proceedings on the alleged community-control violations even though they were conducted after the expiration of the term of community control, provided that the notice of violations was properly given and the revocation proceedings were commenced before the expiration.  See *State v. Breckenridge*, Franklin App. No. 09AP-95, 2009-Ohio-3620, ¶ 7; *State v. Semenchuk*, Ross App. No. 10CA3140, 2010-Ohio-4864, ¶ 6-7. Here, the charge of violating community control was filed and the proceeding on the charges commenced before Hemsley's community control expired in March 2010.

{¶ 14} Finally, it is unclear whether Hemsley's community control was tolled pursuant to R.C. 2951.07, which provides that "[i]f the offender under community control absconds or otherwise leaves the jurisdiction of the court without permission from the probation officer, the probation agency, or the court to do so, or if the offender is confined in any institution for the commission of any offense, the period of community control ceases to run until the time that the offender is brought before the court for its further action."

{¶ 15} Based on the foregoing, Judge Burnham Unruh does not patently and unambiguously lack jurisdiction to proceed on the charges that Hemsley violated his community control, and Hemsley has an adequate remedy by way of appeal and motion for stay of the court's judgment pending appeal to raise his jurisdictional claim.  Consequently, we affirm the judgment of the court of appeals dismissing Hemsley's complaint for extraordinary relief in prohibition. We also deny Hemsley's request for oral argument.

Judgment affirmed.

O'C<small>ONNOR</small>, C.J., and L<small>UNDBERG</small> S<small>TRATTON</small>, O'D<small>ONNELL</small>, L<small>ANZINGER</small>, C<small>UPP</small>, and M<small>C</small>G<small>EE</small> B<small>ROWN</small>, JJ., concur.

P<small>FEIFER</small>, J., dissents and would reverse the judgment of the court of appeals.

_____

Bartek Law Office, Dennis J. Bartek, and Natalie M. Niese, for appellant.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellee.

_____