THE STATE EX REL. UNTIED, APPELLANT, *v.* ELLWOOD,

JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Untied v. Ellwood,* **131 Ohio St.3d 37, 2011-Ohio-6343.**]

*Criminal law—Hearing on alleged violation of community control held after expiration of term of community control—Writ of prohibition denied—Clerks of court—Date-stamping of filed documents sufficient; time-stamping not required.*

(No. 2011-1188—Submitted December 7, 2011—Decided December 14, 2011.)

APPEAL from the Court of Appeals for Guernsey County, No. 11 CA 07,

2011-Ohio-2836.

_____

**Per Curiam.**

**{¶ 1}** We affirm the judgment of the court of appeals dismissing the complaint of appellant, David M. Untied, for extraordinary relief in prohibition and mandamus.

**{¶ 2}** Untied is not entitled to a writ of prohibition to prevent appellee Judge David A. Ellwood of the Guernsey County Court of Common Pleas from proceeding with a hearing on an alleged violation of community control. Judge Ellwood stayed the hearing pending the ruling by the chief justice of this court on Untied's affidavit of disqualification against him. See, e.g., *State ex rel. Denton v. Bedinghaus*, 98 Ohio St.3d 298, 2003-Ohio-861, 784 N.E.2d 99, ¶ 26 (prohibition claim moot to the extent that appellants sought to prevent a policy that had already been discontinued). And Judge Ellwood "was authorized to conduct proceedings on the alleged community-control violations even though they were conducted after the expiration of the term of community control, provided that the notice of violations was properly given and the revocation

proceedings were commenced before the expiration." *State ex rel. Hemsley v. Burnham Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 13. The charge against Untied for violating community control was filed on February 16, 2011, i.e., before his community control expired.

{¶ 3} Moreover, Untied is not entitled to a writ of mandamus to compel appellee Guernsey County Common Pleas Clerk of Court Teresa Dankovic to date-stamp and time-stamp all documents filed with the court. The applicable entries were all stamped with the date of filing. This is all that the pertinent provisions require. R.C. 2303.10 ("The clerk of the court of common pleas shall indorse upon every paper filed with him the date of the filing thereof * * *"); Sup.R. 44(E) (" 'File' means to deposit a document with a clerk of court, upon the occurrence of which the clerk time *or date* stamps and dockets the document" [emphasis added]).

{¶ 4} Based on the foregoing, the court of appeals correctly held that Untied was not entitled to the requested extraordinary relief in prohibition and mandamus, and we affirm that judgment.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

David M. Untied, pro se.

Daniel G. Padden, Guernsey County Prosecuting Attorney, for appellees.

_____

2