[Cite as *State v. Thomas*, 2014-Ohio-2912.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 13AP-985 |
| v. | : | (C.P.C. No. 07CR-6036) |
| Adrianne Thomas, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on June 30, 2014

---

*Michael DeWine*, Attorney General, *Jeannine R. Lesperance*, and *Constance A. Nearhood*, for appellee.

*Yeura R. Venters*, Public Defender, and *David L. Strait*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Adrianne Thomas, from a judgment of the Franklin County Court of Common Pleas revoking her community control and imposing a prison sentence.

{¶ 2} On August 21, 2007, appellant was indicted on one count of Medicaid fraud, in violation of R.C. 2193.40(B), and one count of theft by deception, in violation of R.C. 2913.02(A)(3). Appellant entered a guilty plea to the stipulated lesser-included offense of Count 2 (theft), and the court entered a nolle prosequi as to Count 1. By judgment entry filed July 25, 2008, the court imposed a five-year period of community control, as well as a financial sanction in the amount of $70,000.

{¶ 3}   On July 16, 2013, a probation officer filed a request for revocation of probation.  The probation department sought revocation of probation on the grounds that appellant failed to (1) "obtain/maintain verifiable employment"; (2) "pay restitution as ordered: Balance Remaining: $68,880.00"; and (3) "pay court costs as ordered: Balance Remaining: $244.00."

{¶ 4}   The trial court conducted a hearing on August 23, 2013, during which the court indicated it would put on an entry stating that appellant's counsel had stipulated that probable cause existed to support the revocation request.  The court scheduled a second hearing on the matter, and counsel for appellant requested that the record reflect counsel was reserving the right to "question the jurisdiction" of the court.  (Tr. 4.)  The trial court responded: "[Y]es, you have already.  That is why you are asking for a second hearing."  (Tr. 4.)

{¶ 5}   On October 2, 2013, appellant filed a motion to dismiss the request for revocation of probation and/or the charge of a community control violation, asserting the trial court lacked jurisdiction to revoke probation on the basis that the five-year probation period had expired.  On October 10, 2013, the state filed a memorandum in opposition to appellant's motion, arguing that appellant's reliance upon former R.C. 2951.09 was misplaced.

{¶ 6}   The matter came for a second hearing before the trial court on October 18, 2013. At the start of the hearing, counsel for appellant stated: "Your Honor * * * yes, we will stipulate that the restitution has not been paid."  (Tr. 5.)  During the hearing, counsel for appellant argued that the trial court lacked jurisdiction to proceed.  The trial court determined that it had jurisdiction on the basis that the statement of violation was filed prior to the expiration of the probation period.

{¶ 7}   At the conclusion of the hearing, the trial court stated on the record: "I don't think you have made much of an effort.  You have paid about somewhere around * * * $1500 over five years."  (Tr. 13.)  The court indicated on the record it was revoking community control and imposing a 17-month sentence of imprisonment.  On October 21, 2013, the trial court filed a revocation entry.

{¶ 8}   On appeal, appellant sets forth the following two assignments of error for this court's review:

> [I.] The trial court deprived Appellant of due process an[d] equal protection of law as guaranteed by the United States Constitution and the Ohio Constitution by revoking Appellant's community control.
>
> [II.] The trial court lacked jurisdiction to revoke Appellant's community control.

{¶ 9} Under the first assignment of error, appellant argues that the trial court erred by failing to take into account her financial situation. Specifically, appellant maintains that the evidence did not establish, and the trial court failed to find, that she willfully or intentionally failed to pay restitution. Appellant relies upon case law addressing due process and equal protection concerns when a sentencing court seeks to incarcerate an indigent defendant unable to pay a financial obligation.

{¶ 10} Generally, under Ohio law, "[d]ue process requires that before revoking community control, the trial court must (1) hold a hearing to determine if probable cause exists to believe the defendant has violated the terms of his probation and then (2) hold a hearing to determine if probation should be revoked." *State v. Kornegay*, 7th Dist. No. 12 MA 10, 2013-Ohio-658, ¶ 14, citing *State v. Harris*, 7th Dist. No. 11-MA-51, 2012-Ohio-1304, ¶ 15. In a probation violation proceeding, "substantial evidence that a probationer willfully violated the terms of his or her probation is sufficient to support the revocation of probation." *State v. Mason,* 10th Dist. No. 01AP-847, 2002-Ohio-2803, ¶ 27. Further, "[t]he decision whether to revoke probation rests within the sound discretion of the trial court." *Id.*

{¶ 11} In arguing that the trial court erred in failing to consider her ability to pay, appellant relies upon the United States Supreme Court's decision in *Bearden v. Georgia*, 461 U.S. 660, 672 (1983), holding that, in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. As noted by the state, however, appellant raises the issue of inability to pay, as well as due process and equal protection claims, for the first time on appeal.

{¶ 12} In general, "an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State v. Childs,* 14 Ohio St.2d 56 (1968), paragraph three of the syllabus.

Similarly, "[a]ppellate courts will not generally consider constitutional issues for the first time on appeal." *State v. Johnson*, 4th Dist. No. 11CA925, 2012-Ohio-5879, ¶ 15.

{¶ 13} Further, Ohio courts have rejected claims that a trial court abuses its discretion in failing to make findings as to an offender's ability to pay where the defendant stipulates to a probation violation, fails to raise evidence of inability to pay before the trial court, and the record supports a determination that the failure to pay was willful. *State v. Simpson,* 12th Dist. No. CA2000-12-251, 2002-Ohio-1909, ¶ 27 (finding facts distinguishable from *Bearden* where the appellant, who was represented by counsel, admitted to violating his probation conditions and did not present any evidence nor did he assert, either at his probation revocation hearing or subsequent disposition hearing, that he did not possess the ability to pay fines and restitution); *State v. Scott,* 6th Dist. No. L-04-1253, 2005-Ohi0-4873, ¶ 30 (trial court did not err in failing to make findings as to offender's ability to pay before revoking probation where appellant admitted to probation violation and evidence indicated he chose to remain minimally employed and attend college rather than obtain adequate employment).

{¶ 14} In the present case, counsel for appellant stipulated as to a violation of community control, i.e., "that the restitution has not been paid." (Tr. 5.) Further, apart from appellant's statement that her felony conviction made it difficult for her to obtain "good quality pay," neither appellant nor her counsel raised any claim of indigency before the trial court. (Tr. 12.) Rather, counsel for appellant noted that appellant had received a medical certificate degree, was enrolled in a community college, and "is working." (Tr. 10.) Counsel also offered to present the court with proof of appellant's wages. Similarly, appellant stated that she was "enrolled in school and currently working." (Tr. 12.) Finally, as noted by the state, the trial court made a determination that appellant had not "made much of an effort" to fulfill her financial obligation, i.e., that the violation was willful. Under these circumstances, we find that the trial court did not abuse its discretion in revoking community control.

{¶ 15} Appellant's first assignment of error is without merit and is overruled.

{¶ 16} Under the second assignment of error, appellant argues that the trial court lacked jurisdiction to revoke her community control. As noted under the facts, prior to the second revocation hearing before the trial court, appellant filed a motion to dismiss the

charge of community control violation, raising the issue of lack of jurisdiction. The state filed a response, arguing that appellant's motion relied on the provisions of former R.C. 2951.09, which had been repealed in 2004. During the revocation hearing on October 18, 2013, counsel for appellant again argued that the trial court lacked jurisdiction to proceed because the court had not commenced the hearing until after the five-year period of community control had expired. The trial court rejected appellant's jurisdiction argument, stating in part: "I am satisfied that we do have jurisdiction by virtue of the fact that the statement of violations was filed prior to the expiration of the probation period. Whether or not the hearing is held within that period is not the question." (Tr. 13.)

{¶ 17} On appeal, appellant acknowledges that House Bill No. 490 repealed R.C. 2951.09,[1] effective January 1, 2004. Appellant argues however, that such fact does not end the analysis. Rather, appellant cites the following language from *State ex rel. Hemsley v. Unruh,* 128 Ohio St.3d 307, 2011-Ohio-226, ¶ 13: "Because R.C. 2951.09 was not applicable, the court was authorized to conduct proceedings on the alleged community-control violations even though they were conducted after the expiration of the term of community control, provided that the notice of violations was properly given and the revocation proceedings were commenced before the expiration." Appellant appears to contend that the instant case is distinguishable from *Hemsley* because the defendant in *Hemsley* received notice and was *arraigned* before the expiration of community control. As noted by the state, however, the violation in the instant case was addressed on notice and hearing, i.e., appellant was never arraigned.

{¶ 18} Here, the probation officer filed the statement of violation on July 16, 2013, and an entry setting a revocation hearing was filed that same date (and prior to the expiration of community control). Upon review, we find no error with the trial court's determination that it had jurisdiction to impose a penalty for appellant's violation of community control. *See State ex rel. Untied v. Ellwood,* 131 Ohio St.3d 37, 2011-Ohio-6343, ¶ 2 (affirming appellate court's determination that trial court did not lack jurisdiction where charge against appellant for violating community control was filed before community control expired). *See also State v. Semenchuk,* 4th Dist. No. 10CA3140, 2010-

---

[1] Former R.C. 2951.09 provided in part: "At the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged."

Ohio-4846, ¶ 7 (trial court did not lack jurisdiction to impose sentence at revocation hearing held after expiration of community control where probation officer filed violation of community control and court entry setting hearing was filed, prior to the expiration).

{¶ 19} Accordingly, the second assignment of error is without merit and is overruled.

{¶ 20} Based upon the foregoing, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

O'GRADY and LUPER SCHUSTER, JJ., concur.

_____