[Cite as *State v. Carr*, 2021-Ohio-4556.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

J.C.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 MA 0028**

---

Criminal Appeal from the
Mahoning County Court No. 5 of Mahoning County, Ohio
Case No. 2019 CRB 278

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Paul Gains*, Mahoning County Prosecutor, *Atty. Ralph Rivera,* Assistant Prosecutor, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Michael J. McGee*, Harrington, Hoppe & Mitchell, LTD., 108 Main Avenue, SW, Suite 500, Warren, Ohio 44481 for Defendant-Appellant.

Dated:
December 22, 2021

**Donofrio, J.**

{¶1}    Defendant-appellant, J.C., appeals from a Mahoning County Court Number 5 judgment determining that he had violated the terms of his probation, sentencing him to three days in jail, and extending the term of his probation.

{¶2}    On January 24, 2020, appellant pleaded guilty to one count of domestic violence in violation of R.C. 2919.25, a first-degree misdemeanor.  The trial court sentenced him to 180 days in jail, with 177 days suspended, and gave him credit for three days served.  It issued a $100 fine.  The court also placed appellant on 12 months of reporting probation.  A condition of his probation was that he have no contact with his children and their mother.

{¶3}    On November 25, 2020, appellant filed a motion for early termination of probation.  The trial court denied this motion stating that appellant was to satisfy the full term of his probation, which would end on January 24, 2021.

{¶4}    The trial court's docket reflects that on January 22, 2021, the court scheduled a probation violation hearing for January 26, 2021.  On January 26, the court held the hearing where appellant pleaded not guilty to the probation violation.  The court then set the matter for a February 23, 2021 hearing.

{¶5}    Appellant filed a motion to dismiss the probation violation.  He argued that because the probation violation hearing was held two days after his probation ended, the trial court was without jurisdiction to enforce a probation violation.

{¶6}    Despite his motion to dismiss, appellant subsequently stipulated to the probation violation.  The trial court sentenced him to three days in jail and an extended his term of probation to March 9, 2023.

{¶7}    Appellant filed a timely notice of appeal on March 18, 2021.  The next day, the trial court granted appellant's motion to stay his jail sentence pending this appeal.  He now raises a single assignment of error.

{¶8}    Appellant's sole assignment of error states:

THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO JAIL TIME AND AN EXTENDED PROBATIONARY PERIOD DUE TO THE FACT THAT THE TRIAL COURT LACKED JURISDICTION TO ENTER INTO ANY SENTENCE OVER APPELLANT.

**{¶9}** Appellant argues the trial court lacked jurisdiction to sentence him on the probation violation. He acknowledges that a court can conduct probation violation proceedings after the defendant's term of probation has expired but stresses that notice must be properly given to the defendant before the expiration of the probation term. Appellant claims he was not given notice in this case of the probation violation proceedings until January 26, 2021, which was three days after his probation term expired.

**{¶10}** An appellate court applies a de novo review to matters involving both subject-matter and personal jurisdiction. *State v. DaRe*, 7th Dist. Belmont No. 16 BE 0011, 2017-Ohio-7585, ¶ 12; *State v. Castner*, 9th Dist. Summit No. 29704, 2021-Ohio-1048, ¶ 7.

**{¶11}** Subject-matter jurisdiction involves a court's power to hear a case, and as such the issue can never be waived and may be raised at any time. *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 10. Lack of subject-matter jurisdiction renders a judgment void. *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, ¶ 10.

**{¶12}** Contrary to subject-matter jurisdiction, personal jurisdiction can be waived. Civ.R. 12(H). See also *State Farm Fire & Cas. Co. v. Kupanoff Imports, Inc.*, 83 Ohio App.3d 278, 281, 614 N.E.2d 1072 (3d Dist.1992). Personal jurisdiction may be acquired either by service of process upon the defendant or the voluntary appearance and submission of the defendant to the jurisdiction of the court. *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984).

**{¶13}** Pursuant to R.C. 2929.25(B)(1), if a court sentences an offender to community control sanctions, then "the sentencing court retains jurisdiction over the offender and the period of community control for the duration of the period of community control." The court has jurisdiction to impose a sentence once the original period of community control expires as long as action is taken to institute a violation hearing during

the community control period.  *State v. Johnson*, 7th Dist. Mahoning No. 09-MA-94, 2010-Ohio-2533, ¶ 30, citing *State v. Shorter*, 2d Dist. Montgomery No. 22188, 2008-Ohio-1986, at ¶ 10.

**{¶14}** In arguing the trial court lacked jurisdiction in this case, appellant relies heavily on *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014.  That case involved an appeal from the appellate court's dismissal of a writ of prohibition that sought to prevent the trial court judge from proceeding on alleged violations of community control.  Hemsley claimed the trial court lacked subject-matter jurisdiction, arguing that his term of community control had expired.

**{¶15}** The Ohio Supreme Court found the judge did not lack jurisdiction to conduct the community-control-violation hearing in Hemsley's case.

**{¶16}** First, the Court pointed out that the common pleas court has basic statutory jurisdiction to proceed on the charged statutory violations.  *Id.* at ¶ 11.  The Court relied on R.C. 2929.15(B)(1), which provides:  "[i]f the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose upon the violator one or more of the [specified] penalties[.]"  *Id.*  The Court noted that the common pleas court was the sentencing court for Hemsley.  *Id.*

**{¶17}** Next, the Court went on to find that the expiration of Hemsley's five-year period of community control did not divest the common pleas court of subject-matter jurisdiction over the community-control-violation hearing.  *Id.* at ¶ 12.  It pointed out that Hemsley relied on former R.C. 2951.09, which provided that at the termination of the probation period, "'the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged.'"  *Id.*, quoting 140 Ohio Laws, Part V, 7136, 7561.  The Court stated that it had held that this provision prevented a common pleas court from revoking a criminal defendant's probation and sentencing him after his probationary period had expired even if the revocation proceeding was initiated before the probationary period expired.  *Id.*, citing *Davis v. Wolfe*, 92 Ohio St.3d 549, 751 N.E.2d 1051 (2001).  But the Court noted that former R.C. 2951.09 was repealed effective January 1, 2004.  *Id.* at ¶ 13.  The Court determined, therefore, that former R.C. 2951.09 and *Davis* were inapplicable to Hemsley.  *Id.*  The Court then concluded that because R.C. 2951.09 was

not applicable, the common pleas court was authorized to conduct proceedings on the alleged community-control violations even though the proceedings were conducted after the expiration of the term of community control, provided that the notice of violations was properly given and the revocation proceedings were commenced before the expiration. *Id.* Notice was not an issue in *Hemsley* and the Court did not address what notice might be required.

**{¶18}** Appellant asserts that *Hemsley* requires that the trial court must have commenced the probation violation hearing before the expiration of the probation term.

**{¶19}** But this court relied on *Hemsley* in finding that "the trial court does not lose jurisdiction to sentence a defendant for a violation of community control just because the period of community control expires." *State v. Kubina*, 7th Dist. Mahoning No. 17 MA 0005, 2017-Ohio-8031, ¶ 12. We held that "a court has jurisdiction to impose a sentence once the original period of community control expires *as long as action is taken* to institute a violation hearing during the community control period." (Emphasis added); *Id.* at ¶ 13.

**{¶20}** Moreover, as the Third District has observed: "It is illogical to contend that if a court has initiated probation violation proceedings before the probation period has expired, that it cannot continue to prosecute after the expiration of the period." *State v. Harrington*, 3d Dist. Union No. 14-03-34, 2004-Ohio-1046, ¶ 15.

**{¶21}** In this case, the trial court's docket reflects that on January 22, 2021, the court took action by scheduling a hearing for January 26, 2021, on the alleged probation violation. Appellant claims he was not given notice of the probation violation until January 26, 2021, several days after his probation expired, at the hearing. But appellant appeared at the January 26 hearing and entered a not guilty plea. So he must have had advance notice of the hearing or else he would not have appeared. Thus, the trial court initiated the probation violation proceedings before appellant's probation term expired and appellant waived any issue with personal jurisdiction by appearing at the hearing and entering a not guilty plea. There is no indication on the record that appellant objected to personal jurisdiction at the hearing. When a defendant appears before a court and enters a not guilty plea, he waives any objections based on personal jurisdiction. *State v. Pizzuto*, 5th Dist. Licking No. 17-CA-31, 2018-Ohio-146, ¶ 22.

**{¶22}** Moreover, although appellant initially appeared and entered a not guilty plea to the probation violation, at the next hearing he stipulated to the probation violation. He not only stipulated to the violation, he also stipulated to the three-day jail term. The stipulation is included in the court's judgment entry, which appellant signed. A stipulation made by the defendant during a criminal trial is binding. *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 147.

**{¶23}** In sum, the trial court had subject matter jurisdiction over this matter. The court took action to institute a violation hearing during appellant's community control period. Moreover, appellant submitted to the court's personal jurisdiction by appearing before it and later stipulating to the violation and sentence. Accordingly, appellant's sole assignment of error is without merit and is overruled.

**{¶24}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Robb, J., concurs.

[Cite as *State v. Carr*, 2021-Ohio-4556.]

———————————————

For the reasons stated in the Opinion rendered herein, the sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Mahoning County Court No. 5 of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**