[Cite as *State v. Sayers*, 2023-Ohio-672.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NOS. 2022-T-0059** |
| | **2022-T-0064** |
| Plaintiff-Appellee, | **2022-T-0065** |
| | **2022-T-0066** |
| - vs - | |
| | |
| JAMES M. SAYERS, | Criminal Appeals from the |
| | Central District Court |
| Defendant-Appellant. | |
| | |
| | Trial Court Nos. 2017 TRC 01220 A |
| | 2017 TRC 01220 B |
| | 2017 TRC 01220 C |
| | 2017 TRC 01220 D |

**O P I N I O N**

Decided: March 6, 2023
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, James M. Sayers, appeals from the judgment of the Trumbull County Court, Central District, ordering him to serve a term of 60 days in jail for a probation violation. For the following reasons, we affirm the judgment of the lower court.

{¶2} On August 8, 2017, Sayers was charged with Operating a Vehicle While Under the Influence of Alcohol, a misdemeanor of the first degree, in violation of R.C.

4511.19(A)(1)(a); Refusal to Submit to a Chemical Test, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(2); Driving Under Suspension, an unclassified misdemeanor, in violation of R.C. 4510.16(B); and Failure to Drive in Marked Lanes, a minor misdemeanor, in violation of R.C. 4511.33(A)(1).

{¶3} On December 4, 2017, Sayers entered a plea of guilty to OVI, into which the Refusal was merged. He also pled guilty to Driving Under Suspension and the Marked Lanes charge was dismissed. For OVI, Sayers was ordered to pay $1,000 in costs with $625 suspended and to serve 180 days in jail, with 174 suspended. He was placed on one year of reporting probation. For Driving Under Suspension, he was ordered to pay $1,000 plus costs and serve 180 days in jail, both of which were suspended.

{¶4} A Complaint for Violation of Probation was filed on August 1, 2018, alleging that Sayers failed to appear for probation, failed to complete a drug and alcohol assessment, and had continued drug use. It included a summons with a date for appearance. The court issued a Bench Warrant on August 17, 2018, due to Sayers' failure to appear at the hearing. Sayers subsequently appeared and was found guilty of the probation violation. On November 16, 2020, the court ordered that probation be extended to November 15, 2021, with the "balance of sentencing in 90 days."

{¶5} On January 26, 2021, a second Complaint for Violation of Probation was filed, alleging similar violations. It included a summons with a date for appearance. The court issued a Bench Warrant on February 9, 2021, due to Sayers' failure to appear. He was then arrested and the matter was reset. On June 1, 2022, Sayers pled guilty to the probation violation. The court imposed a sentence of sixty days in jail. The sentence was stayed pending appeal.

2

{¶6} Sayers timely appeals and raises the following assignment of error:

{¶7} "The trial court did not have authority to impose a sanction upon appellant since appellant's term of probation had well expired prior to the jail sentence in question being imposed and no finding was made by the trial court that appellant had absconded."

{¶8} Sayers argues that his probation term expired in December 2018 and, even presuming the probation extension was proper, that extension expired in November 2021. Therefore, he should not have been given a jail sentence in June 2022 as the court lacked authority to issue such a sentence. In support, he contends that the lower court was required to make a finding that he absconded which would toll probation, citing *State v. Rue*, 164 Ohio St.3d 270, 2020-Ohio-6706, 172 N.E.3d 917.

{¶9} Questions regarding a court's jurisdiction to sentence a defendant on a probation violation are reviewed de novo. *State v. J.C.*, 7th Dist. Mahoning No. 21 MA 0028, 2021-Ohio-4556, ¶ 10.

{¶10} "A community control sanction continues for the period that the judge or magistrate determines and, subject to the five-year limit specified in section 2929.15 or 2929.25 of the Revised Code, may be extended. If the offender under community control absconds or otherwise leaves the jurisdiction of the court without permission from the probation officer, the probation agency, or the court to do so, * * * the period of community control ceases to run until the time that the offender is brought before the court for its further action." R.C. 2951.07. "Chapter 2951. of the Revised Code * * * applies to a person upon whom a court imposes a sentence for a misdemeanor offense committed on or after January 1, 2004." R.C. 2951.011(B)(2).

{¶11} As an initial matter, we observe that *Rue*, which Sayers cites in support of

3

his argument, discussed its applicability to felony matters. *See Rue* at ¶ 26-27 (observing that the State incorrectly relied on R.C. 2951.07, which relates to misdemeanors). Nonetheless, its holding is applicable to misdemeanor matters since both the felony and misdemeanor statutes relating to probation/community control contain essentially identical provisions on the relevant issue relating to an offender absconding. R.C. 2951.07; R.C. 2929.15(A)(1); *see also State v. Brown*, 6th Dist. Wood No. WD-21-060, 2022-Ohio-2285 (applying *Rue* in addressing a misdemeanor offense).

{¶12} We further clarify that *Rue* and the foregoing statute address "community control" while the sentence ordered in the present matter was "probation." It has been observed that the terms community control and probation "have commonly been used interchangeably" and that "community control is the functional equivalent of probation." *State v. Coffelt*, 7th Dist. Harrison No. 22 HA 0004, 2022-Ohio-4622, ¶ 11, fn. 1; *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 16 (finding that legal propositions relating to probation conditions apply "with equal force" to community control sanctions). A community control sanction is defined as "a sanction that is not a prison term and that is described in section 2929.15, 2929.16, 2929.17, or 2929.18 of the Revised Code or a sanction that is not a jail term and that is described in section 2929.26, 2929.27, or 2929.28 of the Revised Code." R.C. 2929.01(E). Available "community control sanctions" in misdemeanor offenses include intensive and basic probation supervision. R.C. 2929.25(A)(1)(a); R.C. 2929.27(A)(5) and (6). As probation is a community control sanction, the principles relating to community control apply here.

4

**{¶13}** In *Rue*, during Rue's five-year period of community control, set to expire in June 2017, he was brought before the court for a probation violation and ordered to continue on his community control, although no expiration date for that new period was stated. In December 2017, a warrant was issued for his arrest and in September 2018, he was sentenced to two years of incarceration for a second probation violation. The Ohio Supreme Court addressed the issue of whether a trial court had authority to order a defendant to serve a prison sentence after his community control period had expired where notice of a violation was not given prior to the period's expiration.

**{¶14}** In reviewing this issue, the *Rue* court restated its prior holding that a trial court is "authorized to conduct proceedings on the alleged community-control violations even though they were conducted after the expiration of the term of community control, provided that the notice of violations was properly given and the revocation proceedings were commenced before the expiration." 164 Ohio St.3d 270, 2020-Ohio-6706, 172 N.E.3d 917, at ¶ 18, citing *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 13. The court observed that, in Rue's case, "it appears from this record that Rue's five-year community-control term was set to expire on June 5, 2017. Any revocation proceedings initiated after that expiration date would seemingly be too late unless some other circumstance intervened to render that apparent expiration date inoperative." *Id.* at ¶ 20. It continued: "The question, then, is whether anything intervened in Rue's case to extend the term of his community control so as to permit the trial court to conduct the revocation proceedings after June 5, 2017." *Id.* at ¶ 21.

**{¶15}** As an "intervening circumstance," the court considered the State's argument that the period of community control had been "automatically tolled" because

5

Rue absconded during his probation due to failure to report to his supervising authority. Under this argument, Rue's community control would have been extended due to his absconding and the violation in question occurred during that extension. *Id.* at ¶ 30. The Supreme Court found, however, that "tolling for absconding under R.C. 2929.15(A)(1) is not automatically self-executing" and thus, the trial court must make a finding that the defendant absconded for this tolling period to apply. *Id.* at ¶ 31.

{¶16} The court observed that, even if the tolling finding had been made and probation was extended, the revocation proceedings were still not instituted within the extended period, emphasizing again that, although proceedings may be conducted after the expiration of community control, this applies only where *"the notice of violations was properly given and the revocation proceedings were commenced before the expiration."* (Emphasis sic.) *Id.* at ¶ 56, citing *Hemsley* at ¶ 13. Since revocation proceedings were not timely commenced, the trial court lacked authority to sentence Rue for a community control violation. *Id.* at ¶ 63.

{¶17} We do not disagree with Sayers that, in order to find a period of community control/probation is tolled due to an offender absconding, a trial court is required to make a finding that he absconded. *Rue*'s holding is very clear on that issue. However, it was not necessary to toll the period of probation in the present matter due to a finding that Sayers absconded. Courts in this state have consistently held that where a charge of a probation violation is instituted prior to the end of the probation period, the court may hold probation violation proceedings after the termination of the probation period, regardless of whether the offender has absconded. In *Hemsley*, the Ohio Supreme Court held that where the charge of violating community control was filed and the proceedings were

6

commenced before the date the community control period expired, the trial court did not lack jurisdiction to conduct a community control violation hearing that occurred after the expiration of the period. *Id.* at ¶ 13. It reached the same conclusion in *State ex rel. Untied v. Ellwood*, 131 Ohio St.3d 37, 2011-Ohio-6343, 959 N.E.2d 1048, holding that the court had authority to proceed on a hearing for a community control violation that was instituted by the filing of a charge prior to the control period expiration. *Id.* at ¶ 2. Appellate districts have consistently reached the same conclusion. *J.C.*, 2021-Ohio-4556, at ¶ 20; *State v. Thomas*, 10th Dist. Franklin No. 13AP-985, 2014-Ohio-2912, ¶ 18. For example, in *Brown*, the Sixth District found that where a community control violation was filed prior to the termination of the community control period, the court had authority to conduct the violation proceedings when the defendant was later brought before the court following his arrest on a warrant, much like occurred in the present matter. 2022-Ohio-2285, at ¶ 20.

{¶18} To hold otherwise would be to allow a defendant to fail to appear, as Sayers repeatedly did in these proceedings, to avoid repercussions for his probation violations. In the present matter, both penalties given to Sayers, the extension of the probation and the 60-day sentence, were permissible because they were initiated during valid probation periods.

{¶19} The first probation violation was filed August 1, 2018, within the initial period of probation, and Sayers, when he did later appear before the court, was given an additional period of probation through November 15, 2021. The extension of the probation period was proper as a penalty for a probation violation. R.C. 2929.25(D)(2)(a) ("[i]f an offender violates any condition of a community control sanction, the sentencing court may impose upon the violator * * * [a] longer time under the same community control

7

sanction if the total time under all of the community control sanctions imposed on the violator does not exceed the five-year limit"). The second probation violation was filed on January 26, 2021, within the extended period of probation. Although the probation violation hearings and sentences in both the initial and second violation took place outside of the periods of probation, the trial court was permitted to proceed "provided that the notice of violations was properly given" and the "proceedings were commenced before the expiration," as addressed above. *Hemsley*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, at ¶ 13. Courts have found that proceedings have been commenced where a probation violation has been filed and a hearing has been set. *Thomas* at ¶ 18 (the court had jurisdiction to proceed where the probation officer "filed the statement of violation * * * and an entry setting a revocation hearing was filed" prior to the expiration of community control); *State v. Semenchuk*, 4th Dist. Ross No. 10CA3140, 2010-Ohio-4864, ¶ 7 (the trial court did not lack jurisdiction to impose the sentence at a hearing held after the expiration of community control where the probation officer filed a violation of community control and the matter was set for a hearing before the term had expired). This was the case in the present matter, where Sayers was notified of the probation violation and the hearing date prior to the termination of his probation period.

{¶20} The *Rue* court reached the issue of whether the defendant absconded because there was no notice of violation properly filed within the community control period. It considered the issue of tolling due to the offender absconding because "proceedings initiated after [the community control] expiration date would seemingly be too late unless some other circumstance [i.e., tolling due to absconding] intervened to render that apparent expiration date inoperative." *Rue*, 164 Ohio St.3d 270, 2020-Ohio-

8

6706, 172 N.E.3d 917, at ¶ 20.  Here, since the complaints for probation violations were initiated against Sayers during valid periods of probation, there is no need to find an "intervening circumstance" and the court was not required to make a finding that he absconded.

{¶21}  The sole assignment of error is without merit.

{¶22}  For the foregoing reasons, the judgment of the Trumbull County Court, Central District, ordering Sayers to serve a term of 60 days in jail for a probation violation, is affirmed.  Costs to be taxed against appellant.


MARY JANE TRAPP, J.,

EUGENE A. LUCCI, J.,

concur.