[Cite as *Conneaut v. Simmons*, 2023-Ohio-4030.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

CITY OF CONNEAUT,

        Plaintiff-Appellee,

- vs -

LISA JEAN SIMMONS,

        Defendant-Appellant.

**CASE NOS. 2023-A-0023**
         **2023-A-0024**

Criminal Appeals from the
Conneaut Municipal Court

Trial Court Nos. 2023 CRB 00042 A
             2023 CRB 00042 B

**O P I N I O N**

Decided: November 6, 2023
Judgment: Affirmed

*John D. Lewis*, Law Director, City of Conneaut, 294 Main Street, Conneaut, OH 44030 (For Plaintiff-Appellee).

*Margaret Brunarski*, Ashtabula County Public Defender, and *Michael J. Ledenko*, Assistant Public Defender, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Appellant, Lisa Jean Simmons, appeals her conviction of disorderly conduct from the Conneaut Municipal Court. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) stating there are no meritorious issues for appeal and thus, these matters are wholly frivolous. After independent review of the record, we agree with appellate counsel. The judgment of the trial court is affirmed, and appellate counsel's motion to withdraw is granted.

{¶2} On February 25, 2023, officers were dispatched to a report of a reckless driver in a silver SUV in the City of Conneaut in the area of I-90 and State Route 7. Officers discovered the silver SUV, driven by appellant, stopped in the median between the northbound and southbound lanes of State Route 7.

{¶3} Appellant became verbally abusive toward officers as they approached her and the vehicle. Due to her behavior, officers suspected she was under the influence of drugs or alcohol and attempted to conduct field sobriety tests. Appellant refused to cooperate and continued insulting the law enforcement officers. Officers then attempted to handcuff appellant who physically resisted arrest.

{¶4} Appellant was charged with disorderly conduct, a fourth-degree misdemeanor, in violation of section 509.03(e)(3)(A) of the Codified Ordinances of the City of Conneaut, and resisting arrest, a second-degree misdemeanor, in violation of section 525.09(a) of the Codified Ordinances of the City of Conneaut. She was booked into jail and released later that evening. She initially entered pleas of not guilty to both charges.

{¶5} On March 20, 2023, pursuant to a plea agreement, appellant entered a guilty plea to the charge of aggravated disorderly conduct, a fourth-degree misdemeanor, in violation of section 509.03(a)(1) and (e)(3)(A) of the Codified Ordinances of the City of Conneaut and the resisting arrest charge was dismissed.

{¶6} At the plea hearing, the court advised appellant of the rights she waives by her entry of a guilty plea. The court advised appellant of her right to a jury trial, the State's burden of proof, her right to cross-examine and confront witnesses, to call her own witnesses, and to testify on her own behalf. Appellant was asked if she understood the

2

rights as explained by the trial court and she replied affirmatively. These rights were also detailed in the waiver of trial rights and right to a jury trial and acknowledgment of effect of plea signed by appellant and her counsel. The trial court concluded that appellant knowingly and voluntarily waived her rights and accepted her guilty plea.

{¶7} The court proceeded directly to sentencing and sentenced appellant to 30 days in jail, which were suspended. She was further sentenced to supervised community control for a period of one year and was ordered to submit to comprehensive diagnostic assessments for alcohol, substance abuse, anger management, and mental health at Community Counseling Center. Appellant was also prohibited from purchasing, possessing or consuming alcoholic beverages, drugs of abuse, or any pseudoephedrine product, and from entering a bar or other liquor establishment for a period of one year. She was advised not to commit any new offenses and she was ordered to write apology letters to the law enforcement officers.

{¶8} On June 15, 2023, counsel filed appellant's brief pursuant to *Anders*, *supra*, asserting that no meritorious issues upon which to base an appeal exist after a thorough review of the record. Appellate counsel requested to withdraw and set forth the following potential assignment of error:

{¶9} "Did the trial court err in imposing community control sanctions that were not the least restrictive alternative to accomplish the goals of community control sanctions?"

{¶10} The Supreme Court of the United States has held that if appellate counsel, after a conscientious examination of the record, finds an appeal to be wholly frivolous, he or she should advise the court and request permission to withdraw. *Anders* at 744.

Counsel's request to withdraw must also include a brief which cites anything in the record that could arguably support the appeal. *Id.* Counsel is required to provide his or her client with a copy of the brief and her or her request to withdraw and give the client an opportunity to raise any other issues. *Id.* When these conditions have been met, the appellate court will review the entire record to determine whether the appeal is wholly frivolous. *Id.* If the court finds the appeal wholly frivolous, the court may grant counsel's motion to withdraw and proceed to a decision on the merits. *Id.* If, however, the court concludes the appeal is not frivolous, it must appoint new counsel for the client. *Id. Accord State v. Pal,* 11th Dist. Ashtabula No. 2021-A-0007, 2021-Ohio-3706, ¶ 14.

{¶11} On June 20, 2023, this Court granted appellant thirty (30) days "to file her own submission, if she so chooses, which raises any arguments in support of the appeals." This Court held counsel's request to withdraw in abeyance. Appellant has not filed any further brief or memorandum in support of her appeal. Despite no requirement to respond, the City of Conneaut filed their Answer Brief on June 22, 2023. Accordingly, we proceed to conduct an independent review of the record pursuant to *Anders.*

{¶12} "The terms community control and probation 'have commonly been used interchangeably' and that 'community control is the functional equivalent of probation.' *State v. Coffelt*, 7th Dist. Harrison No. 22 HA 0004, 2022-Ohio-4622, ¶ 11, fn. 1; *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 16 (finding that legal propositions relating to probation conditions apply "with equal force" to community control sanctions)." *State v. Sayers*, 11th Dist. Trumbull No. 2022-T-0059, 2023-Ohio-672, ¶ 12.

{¶13} R.C. 2929.01(E) defines a community control sanction as "a sanction that is not a prison term and that is described in section 2929.15, 2929.16, 2929.17, or

4

2929.18 of the Revised Code or a sanction that is not a jail term and that is described in section 2929.26, 2929.27, or 2929.28 of the Revised Code."

{¶14} "When sentencing a misdemeanor offender to community control, a trial court may impose residential, nonresidential, and financial sanctions and any other conditions the trial court considers appropriate. R.C. 2929.25(A)(1)(a) and (b); *State v. Tobin*, 10th Dist. Franklin Nos. 11AP-776 and 11AP-777, 2012-Ohio-1968, ¶ 6." *State v. Bourne*, 11th Dist. Geauga No. 2023-G-0003, 2023-Ohio-2832, ¶ 17.

{¶15} Specific nonresidential sanctions available to trial courts are delineated in R.C. 2929.27(A). The trial court may also impose "any other sanction that is intended to discourage the offender or other persons from committing a similar offense if the sanction is reasonably related to the overriding purposes and principles of misdemeanor sentencing." R.C. 2929.27(C).

{¶16} Misdemeanor sentencing and the imposition of community control sanctions lie within the discretion of the trial court and will not be disturbed absent an abuse of discretion. *State v. Hogya*, 11th Dist. Lake No. 2022-L-058, 2023-Ohio-342, ¶ 14; *State v. Bourne*, 11th Dist. Geauga No. 2023-G-0003, 2023-Ohio-2832, ¶ 18-20.

{¶17} "An 'abuse of discretion' is one of art, connoting judgment exercised by a court, which does not comport with reason or the record. *State v. Underwood,* 11th Dist. Lake No.2008–L–113, 2009–Ohio–2089, ¶ 30, citing *State v. Ferranto,* 112 Ohio St. 667, 676–678, 148 N.E. 362 (1925)." *State v. Raia*, 11th Dist. Portage No. 2013-P-0020, 2014-Ohio-2707, ¶ 9.

{¶18} Appellant asserts that the trial court did not impose the least restrictive alternative to accomplish the goals of community control sanctions. We disagree.

5

Case Nos. 2023-A-0023 and 2023-A-0024

**{¶19}** A court when imposing a sentence for a misdemeanor "shall be guided by the overriding purposes of misdemeanor sentencing * * * to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). The sentencing court is required to "consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." R.C. 2929.21(A).

**{¶20}** R.C. 2929.22 provides:

> (B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:
>
> (a) The nature and circumstances of the offense or offenses;
>
> (b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;
>
> (c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;
>
> (d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;
>
> (e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;
>
> (f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the

6

armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g) The offender's military service record.

(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.

{¶21} "A trial court's discretion in imposing community control sanctions is not limitless." *Bourne*, 11th Dist. Geauga No. 2023-G-0003, 2023-Ohio-2832, ¶19, citing *Talty* at ¶ 11. If the condition imposed by the trial court is reasonably related to the probationary goals of doing justice, rehabilitating the offender, and insuring good behavior, a court will not be found to have abused its discretion in fashioning a community-control sanction. *Id.* However, a condition "'cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty.'" *Id.,* citing *Talty* at ¶ 13, quoting *State v. Jones*, 49 Ohio St.3d 51, 52, 550 N.E.2d 469 (1990).

{¶22} In determining whether a community control sanction is related to the three probationary goals above, courts must "consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *Bourne* at ¶ 20, citing *Jones*, 49 Ohio St.3d 51, at 53.

{¶23} In order to find that the trial court did not abuse its discretion when imposing community control sanctions, all three prongs must be satisfied. *Id.,* citing *State v. Cintron*, 8th Dist. Cuyahoga No. 110600, 2022-Ohio-305, ¶ 21; *State v. White*, 10th Dist. Franklin No. 14AP-1027, 2015-Ohio-3844, ¶ 10.

7

Case Nos. 2023-A-0023 and 2023-A-0024

{¶24}   The trial court sentenced appellant to a one-year term of community control. Each of the conditions imposed as part of the community control sanction are reasonably related to rehabilitation of the offender, have a relationship to the crime of aggravated disorderly conduct, and are related to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation. Because all three prongs are satisfied, we conclude that the trial court did not abuse its discretion when imposing community control sanctions. Appellant's assignment of error is without merit.

{¶25}   After an independent and thorough review of the record, we find that there are no arguable issues requiring the appointment of new appellate counsel.

{¶26}   For the foregoing reasons, appellant's instant appeals are wholly frivolous. The judgment of the Conneaut Municipal Court is affirmed. It is further ordered that the motion to withdraw as counsel for appellant filed by Attorney Michael J. Ledenko is hereby granted.

MATT LYNCH, J.,

EUGENE A. LUCCI, J.,

concur.