[Cite as *State v. Davila*, 2024-Ohio-2672.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- vs -

EDWIN J. DAVILA,

      Defendant-Appellant.

CASE NO. 2024-T-0024

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2022 CR 00781

# O P I N I O N

Decided: July 12, 2024
Judgment: Reversed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Elizabeth Miller*, Ohio Public Defender, and *Melissa Seabolt*, Assistant Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43215 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Edwin J. Davila, appeals the judgment of the trial court finding him to have violated his probation. For the following reasons, we reverse the judgment of the court below.

{¶2} On January 5, 2023, Davila entered a plea of guilty to a single count of Attempted Improperly Handling Firearms in a Motor Vehicle, a misdemeanor of the first degree in violation of R.C. 2923.16(D) and (I).

{¶3} On February 14, 2023, Davila was sentenced to one year of community control with a suspended sentence of 180 days in the Trumbull County Jail and a suspended fine of $1,000.

{¶4} On January 18, 2024, the trial court issued a Probation Warrant for Davila for a violation of his probation / community control.

{¶5} On March 5, 2024, a probation violation hearing was held. Davila argued that the trial court was without authority to proceed because his probation expired on February 9, 2024. The court rejected the argument and Davila pled to the violation. The court ordered Davila to serve 180 days in the Trumbull County Jail.

{¶6} On March 8, 2024, Davila filed a Notice of Appeal. On appeal, he raises the following assignment of error: "The trial court lacked authority to sentence Mr. Davila for a probation violation after his term of community control expired."

{¶7} The question of whether a lower court is authorized to conduct proceedings for violation of community control and/or probation is reviewed de novo. *State v. Sayers*, 2023-Ohio-672, ¶ 9 (11th Dist.).

{¶8} It is well-established that a court of common pleas lacks authority to revoke a defendant's community control and/or probation and impose sentence after the period of community control has expired. *State v. Rue*, 2020-Ohio-6706, ¶ 16; *Sayers* at ¶ 11 (although *Rue* was a felony case governed by R.C. 2929.15(A)(1), "its holding is applicable to misdemeanor matters since both the felony and misdemeanor statutes relating to probation/community control contain essentially identical provisions"). "A community control sanction continues for the period that the judge or magistrate determines and … may be extended." R.C. 2951.07. "If the offender under community

2

control absconds or otherwise leaves the jurisdiction of the court without permission from the probation officer, the probation agency, or the court to do so, or if the offender is confined in any institution for the commission of any offense, the period of community control ceases to run until the time that the offender is brought before the court for its further action." *Id.* Likewise, "a trial court is 'authorized to conduct proceedings on the alleged community-control violations even though they were conducted after the expiration of the term of community control, provided that the notice of violations was properly given and the revocation proceedings were commenced before the expiration.'" (Citation omitted.) *Rue* at ¶ 18.

**{¶9}** In the present case, the State of Ohio acknowledges "the fact that the trial court did not specifically issue a judicial determination that Appellant had absconded prior to the expiration of his community control sanctions" and "that the trial court did not initiate formal court proceedings, nor schedule the violation court proceedings, until Appellant's apprehension after the expiration of his community control sanctions." Answer Brief of Plaintiff-Appellee at 5. The narrow issue before this Court, then, is whether the issuance of the Probation Warrant on January 18, 2024, extended the period of Davila's community control sanction so that the trial court had authority to conduct revocation proceedings. We conclude that the issuance of the Probation Warrant did not extend the period of community control sanctions. The Probation Warrant only authorized Davila's arrest for a "probation violation." It does not constitute proper notice of the violation, i.e., it did not describe the violation or petition the court to initiate revocation proceedings. Such a petition does not appear to have been filed in the present case at all. The court did not set the matter for hearing and issue proper notice of that hearing until February 26, 2024,

3

Case No. 2024-T-0024

after the expiration of the period of community control on February 9. *Compare State ex rel. Untied v. Ellwood*, 2011-Ohio-6343, ¶ 2 ("[t]he charge against Untied for violating community control was filed on February 16, 2011, i.e., before his community control expired"); *State v. Thomas*, 2014-Ohio-2912, ¶ 18 (10th Dist.) ("the probation officer filed the statement of violation on July 16, 2013, and an entry setting a revocation hearing was filed that same date (and prior to the expiration of community control)").

{¶10} This Court reached the same conclusion, i.e., that the issuance of a Probation Warrant does not extend the period of community control, in *State v. Washington*, 2024-Ohio-XXXX, ¶ 31 (11th Dist.) ("the mere issuance of a warrant will not automatically toll the expiration of a community control sanction").

{¶11} In this regard, we also find the reasoning of *State v. Padgett*, 2023-Ohio-4357 (3d Dist.) to be persuasive:

> While that arrest warrant contained language stating that Padgett "has failed to abide by conditions of supervision" and stating that her whereabouts were unknown, we do not find that merely issuing the arrest warrant constitutes a "determination" by the trial court in "timely initiated proceedings" that the defendant had absconded, as required by the Ohio Supreme Court's decision in *Rue*. Additionally, as the Ohio Supreme Court deemed necessary in *Rue*, the arrest warrant contained no language that would have served to put Padgett on notice, even constructively, that her term of community control had been extended, or tolled, as a result of her failure to abide by the conditions of her supervision. Finally, we note that the defendant in *State v. Rue* also had warrants issued for his arrest after absconding supervision and, while not addressed directly by the Ohio Supreme Court in its decision, the fact that a warrant had been issued was seemingly not a factor relevant to the issue of whether the community control term had been tolled by the trial court.

*Id.* at ¶ 19.

{¶12} The sole assignment of error is with merit.

4

Case No. 2024-T-0024

{¶13} For the foregoing reasons, we reverse the judgment of the court below finding Davila guilty of a probation violation and imposing a jail sentence. Costs to be taxed against the appellee.


JOHN J. EKLUND, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2024-T-0024