[Cite as *State v. Browning*, 2022-Ohio-386.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 20AP-566 |
| | | (C.P.C. No. 16CR-646) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Zack J. Browning, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 10, 2022

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

**On brief:** *Yeura Venters*, Public Defender, and *Timothy E. Pierce*, for appellant. **Argued:** *Timothy E. Pierce.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, P.J.

{¶ 1} Defendant-appellant, Zack J. Browning, appeals from an entry of the Franklin County Court of Common Pleas purporting to terminate his community control as unsuccessful. For the following reasons, we reverse.

**I. Facts and Procedural History**

{¶ 2} By indictment filed February 5, 2016, plaintiff-appellee, State of Ohio, charged Browning with one count of aggravated trafficking in drugs in violation of R.C. 2925.03, a third-degree felony; one count of aggravated possession of drugs in violation of R.C. 2925.11, a third-degree felony; and one count of theft of drugs in violation of R.C. 2913.02, a fourth-degree felony. After initially entering a plea of not guilty, Browning agreed, on February 28, 2017, to enter a plea of guilty to one count of theft of dangerous

drugs as a fourth-degree felony in exchange for the dismissal of the remaining charges. The state and Browning jointly recommended a sentence of community control and restitution in the amount of $95.41.

{¶ 3} Following a February 28, 2017 sentencing hearing, the trial court sentenced Browning to three years of community control. The terms of the community control required Browning to "submit to a Netcare evaluation and complete any recommended treatment[,] * * * to have drug evaluation and treatment, on an out-patient basis, follow aftercare recommendations and participate in random drug/urine screens. [Browning] shall complete Cognitive Behavior Program." (Feb. 28, 2017 Jgmt. Entry at 1-2.) In addition to the period of community control, the trial court imposed a $500.00 fine, $95.41 in restitution, and the payment of court costs in an amount to be determined.

{¶ 4} On October 18, 2017, the trial court issued an entry declaring Browning an absconder, noting that Browning had absconded on or about February 28, 2017, the day of his sentencing hearing, and the trial court ordered the community control period suspended, pursuant to R.C. 2951.07, until such time as Browning is taken into custody. The trial court issued a capias for Browning on October 19, 2017.

{¶ 5} The capias was returned as served on October 24, 2017. The trial court then set a bond of $10,000 and released Browning from jail on November 1, 2017. A November 1, 2017 criminal case processing sheet noted "strict compliance with probation," and a December 15, 2017 criminal case processing sheet specifically stated that Browning was restored to community control.

{¶ 6} More than two years later, on September 8, 2020, the state filed a statement of violations for revocation of community control hearing indicating Browning had tested positive for THC on February 12, 2020 and that Browning had failed to complete the recommended drug treatment services. The trial court conducted a hearing on November 9, 2020. When the trial court stated the hearing was related to community control revocation, defense counsel argued that Browning's three-year term of community control had expired and the trial court, therefore, lacked jurisdiction to revoke community control. Defense counsel also noted at the hearing that Browning had paid restitution in full but had yet to pay the fine and costs imposed as part of his sentence. The trial court

noted defense counsel's objection but found it "[had] to terminate [Browning's community control as] unsuccessful." (Tr. at 5.)

{¶ 7} After the hearing, the trial court filed a November 10, 2020 entry terminating community control as unsuccessful. Specifically, the trial court stated in the entry that Browning "has not complied with the terms of [his] Community Control," and purported to discharge Browning from community control. Browning timely appeals.

## II. Assignments of Error

{¶ 8} Browning assigns the following errors for our review:

> [1.] Because Appellant had been discharged from community control by operation of law due to the community control supervision period having expired the lower court lacked authority to factually determine he had not complied with the terms of community control and to order Appellant's community control terminated unsuccessfully. Its ruling to that effect was void and violated Appellant's Right to Due Process of Law under the Fifth and Fourteenth Amendments of the United States Constitution, the Due Course of Law provisions of Article I, Sections 1 and 16 of the Ohio Constitution, R.C. 2929.15(C), and R.C. 2953.08(B)(2).

> [2.] The lower court erred when it required Appellant to pay financial sanctions previously imposed as a condition of community control once the period of community control had expired and he had been discharged from supervision by operation of law.

## III. Final Appealable Order and Standing

{¶ 9} As a threshold matter, we must address the state's argument that this court lacks jurisdiction to hear the appeal. The state filed a motion to dismiss on April 9, 2021 arguing the trial court entry purporting to terminate community control is not a final appealable order pursuant to R.C. 2505.02(B). In a July 8, 2021 memorandum decision, this court disagreed with the state and found the trial court's judgment was a final order subject to appeal. *State v. Browning*, 10th Dist. No. 20AP-566, ¶ 15 (July 8, 2021) (memorandum decision). Though the state reiterates its argument that the trial court's judgment was not a final appealable order, we decline to revisit the issue. Accordingly, for the reasons stated in our July 8, 2021 memorandum decision, the trial court's November 10, 2020 entry is a final appealable order.

{¶ 10} We similarly reject the state's argument that Browning lacks standing to pursue the appeal. The state asserts Browning cannot show he is an aggrieved party such that he has standing to appeal from the trial court's entry. The state relies on the proposition that "[a] party is aggrieved, and thus has standing to appeal, if (1) he has a present interest in the subject matter of the litigation and (2) he has been prejudiced by the judgment of the trial court." *Thomas v. Wright State Univ. School of Medicine*, 10th Dist. No. 12AP-839, 2013-Ohio-3338, ¶ 12, citing *Willoughby Hills v. C.C. Bar's Sahara, Inc.*, 64 Ohio St.3d 24, 26 (1992). As Browning is the named criminal defendant in the underlying trial court action and the trial court purported to find he unsuccessfully completed community control, we conclude Browning satisfies both prongs of the test for whether he is an aggrieved party. Thus, Browning has standing to pursue the appeal. We now proceed to the merits of Browning's appeal.

## IV. First Assignment of Error – Termination of Community Control

{¶ 11} In his first assignment of error, Browning argues the trial court lacked authority to make a factual determination of whether he complied with the terms of community control and to order his community control terminated unsuccessfully.

{¶ 12} R.C. 2929.15 governs the imposition of community control. R.C. 2929.15(A)(1) provides for tolling of the term of community control where an offender absconds. Even accounting for tolling based on absconding, here the parties do not dispute that Browning's three-year term of community control expired, at the latest, by April 27, 2020. The question on appeal, then, is whether the trial court had the authority to conduct the November 9, 2020 community control revocation proceedings and enter a factual finding that Browning's community control terminated unsuccessfully. *See State v. Rue*, 164 Ohio St.3d 270, 2020-Ohio-6706, ¶ 17 (where the trial court conducted revocation proceedings after the expiration of community control, the issue is not whether the trial court had *jurisdiction* to conduct the community control revocation proceedings but whether the trial court had the *authority* to conduct these proceedings). A determination of the trial court's authority to conduct community control proceedings after the expiration of the term of community control involves the trial court's application of the community control statute. *See State v. Dawson*, 5th Dist. No. 17CA021, 2018-Ohio-2685, ¶ 14-15 (trial court's authority to conduct community control proceedings involves an interpretation of

the community control statute). An appellate court reviews a trial court's interpretation and application of a statute de novo. *State v. Smith*, 10th Dist. No. 14AP-154, 2014-Ohio-5303, ¶ 5, citing *State v. Willig*, 10th Dist. No. 09AP-925, 2010-Ohio-2560, ¶ 14.

{¶ 13} "[A] court is 'authorized to conduct proceedings on the alleged community-control violations even though they were conducted after the expiration of the term of community control, provided that the notice of violations was properly given and the revocation proceedings were commenced before the expiration.' " *Rue* at ¶ 56, quoting *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, ¶ 13. Here, there is no dispute that Browning's community control expired, at the latest, on April 27, 2020, but the notice of alleged community control violation did not occur until September 8, 2020. Thus, pursuant to the Supreme Court of Ohio's decision in *Rue*, the trial court had no authority to conduct the November 9, 2020 community control revocation proceedings on the alleged community control violation. *Rue* at ¶ 63 (trial court lacked authority to revoke community control because the revocation proceedings were not commenced before the expiration of the community control term); *State v. Evans*, 11th Dist. No. 2021-T-0001, 2021-Ohio-3479, ¶ 10.

{¶ 14} Though the state concedes the trial court lacked authority to *revoke* community control, it nonetheless maintains the trial court retained authority to make a factual finding that Browning did not successfully complete community control. We do not agree. Pursuant to the Supreme Court's decision in *Rue*, once the community control period has expired, the trial court lacks authority to " 'conduct proceedings' " on community control violations. *Rue* at ¶ 56, quoting *Hemsley* at ¶ 13. The *Rue* decision is not limited to revocation of community control; instead, the Supreme Court was clear in *Rue* that once the community control period has expired, the trial court lacks authority to conduct proceedings on community control violations if those proceedings were not commenced before the expiration of community control. Therefore, we disagree with the state that the trial court retained authority to render a factual finding related to Browning's community control where the proceedings were not initiated until after the expiration of his community control term.

{¶ 15} Because the state did not notify Browning of the alleged community control violation or commence the proceedings before the expiration of Browning's community

control period, the trial court lacked the authority to conduct the proceedings and to make a factual finding that Browning's community control was terminated as unsuccessful. *Rue* at ¶ 3. We sustain Browning's first assignment of error.

## V. Second Assignment of Error – Fines and Costs

{¶ 16} In his second assignment of error, Browning argues the trial court erred when it required him to pay costs and fines imposed as part of his community control when his community control term expired.

{¶ 17} Under this assignment of error, Browning asserts the trial court erroneously required him to satisfy financial conditions, including the payment of a fine and court costs, as a condition of his community control. Browning points to the September 8, 2020 statement of violations indicating that court costs and the fine were special conditions of his community control and to a cost bill sent November 13, 2020 stating Browning owes $1,428 in fines and costs. However, a review of the record demonstrates that the imposition of court costs and fines was part of Browning's original sentence and was not a special condition of his community control, as reflected in the February 28, 2017 judgment entry of his conviction.[1]

{¶ 18} In the instant case, Browning appeals only from the trial court's November 10, 2020 entry purporting to terminate his community control as unsuccessful. The November 10, 2020 entry makes no mention of fines or court costs. To the extent Browning challenges the trial court's imposition of a fine and court costs, " '[w]e have jurisdiction to review assignments of error stemming only from the judgment subject of the notice of appeal.' " *State v. Darks*, 10th Dist. No. 12AP-578, 2013-Ohio-176, ¶ 6, quoting *State v. Thompkins*, 10th Dist. No. 07AP-74, 2007-Ohio-4315, ¶ 7, citing App.R. 3(D). " '[A]ssignments of error must relate to the judgment that is the subject of the notice of appeal.' " *Darks* at ¶ 6, quoting *Thompkins* at ¶ 7. Therefore, Browning's argument related

---

[1] We note that this court's July 8, 2021 memorandum decision denying the state's motion to dismiss for lack of a final appealable order includes a statement that Browning's community control conditions included the payment of a fine and court costs. *State v. Browning*, 10th Dist. No. 20AP-566, ¶ 2 (July 8, 2021) (memorandum decision). Though the memorandum decision attributes this statement to the trial court's February 28, 2017 judgment entry, we clarify now that the statement was a reference to the trial court's September 8, 2020 statement of violations and is not a reflection of the trial court's February 28, 2017 judgment entry journalizing Browning's conviction and sentence.

to the imposition of a fine and the payment of court costs is not properly before this court, and we overrule Browning's second and final assignment of error.

## VI. Disposition

{¶ 19} Based on the foregoing reasons, the trial court lacked authority to conduct proceedings on an alleged community control violation where the state did not notify Browning of the alleged violation or commence the community control proceedings before the expiration of his term of community control. Additionally, Browning's argument related to the trial court's imposition of a fine and court costs is not properly before this court on appeal. Having sustained Browning's first assignment of error and having overruled Browning's second assignment of error, we reverse the decision of the Franklin County Court of Common Pleas and remand the matter to that court with instructions to vacate the November 10, 2020 entry.

*Judgment reversed; cause remanded.*

SADLER and BEATTY BLUNT, JJ., concur.