[Cite as *State v. Padgett*, 2023-Ohio-4357.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

AMANDA PADGETT,

    DEFENDANT-APPELLANT.

CASE NO. 3-22-53

O P I N I O N

Appeal from Crawford County Common Pleas Court
Trial Court No. 00-CR-0130

Judgment Reversed

Date of Decision: December 4, 2023

APPEARANCES:

    *Autumn D. Adams* for Appellant

**WALDICK, J.,**

{¶1} Defendant-appellant, Amanda Padgett ("Padgett"), appeals the November 28, 2022 judgment of the Crawford County Court of Common Pleas sentencing her to six months in jail for a community control violation. For the reasons set forth below, we reverse.

*Factual and Procedural Background*

{¶2} On September 12, 2000, the Crawford County Grand Jury returned an indictment against Padgett, charging her with nine counts of Forgery, each count a fifth-degree felony in violation of R.C. 2913.31.

{¶3} On October 30, 2000, an arraignment was held and Padgett entered an initial plea of not guilty.

{¶4} On November 29, 2000, a change of plea hearing was held. At that time, Padgett withdrew her plea of not guilty and pled guilty to the nine-count indictment. The trial court ordered a presentence investigation and scheduled sentencing for a later date.

{¶5} On January 2, 2001, a sentencing hearing was held and Padgett was sentenced to a three-year term of community control. The sentence was journalized by entry filed on January 4, 2001.

{¶6} On February 13, 2003, the trial court issued a bench warrant for Padgett's arrest. The warrant included the information that Padgett had failed to abide by the conditions of her supervision and that her whereabouts were unknown.

{¶7} On February 9, 2004, the trial court filed a "Nunc Pro Tunc Judgment Entry." Omitting the caption, that entry reads in its entirety, "It has come to the Court's attention that when the original Bench Warrant was issued on February 13, 2003, due to an oversight, the offender's community control supervision was not tolled. Therefore, the offender's community control supervision from February 13, 2003 has been tolled." (Nunc Pro Tunc Judgment Entry, Docket No. 19).

{¶8} On September 29, 2022, Padgett was located and served with the arrest warrant that had been issued by the court in February of 2003.

{¶9} On September 30, 2022, a "Notice of Violation" containing a motion to revoke the community control was filed by the Crawford County Probation Department. Specifically, that motion alleged that (1) Padgett had ceased reporting for her required monthly visits to the probation office in April of 2002 and that her whereabouts had been unknown since that time; (2) Padgett had failed to pay the court-ordered restitution in the case; and (3) in April of 2002, Padgett had changed her address without notifying her supervising officer. On those bases, the motion requested that Padgett's community control be revoked and sentence imposed.

{¶10} On October 31, 2022, Padgett filed a motion asserting that the trial court lacked jurisdiction to proceed on the pending community control revocation motion, on the basis that Padgett had been sentenced to a three-year term of community control in January of 2001 and the three-year term had since expired without it having been tolled by the trial court and without probation revocation

-3-

proceedings having been initiated within the required time-frame. The motion also asserted that, should the trial court proceed with the revocation hearing, Padgett could not be sentenced to a prison term because she had not been given the notice required by statute at the original sentencing hearing.[1]

{¶11} On November 23, 2022, a community control revocation hearing was held. At that time, Padgett admitted the alleged community control violations but reasserted her objection to the proceeding. In response to Padgett's objection, the prosecution argued that the arrest warrant issued by the trial court in February of 2003, and the language contained therein, had served to preserve the court's jurisdiction. The state, however, agreed with Padgett's assertion that a prison term could not be imposed because the trial court had not properly reserved a specific prison term at the time of sentencing.

{¶12} Without setting forth any legal analysis on the record, the trial court ruled that it did have jurisdiction to impose a community control violation sanction. The trial court found that Padgett had violated her community control, ordered that community control be revoked, and sentenced Padgett to six months in the county jail, with 46 days of credit for jail time previously served. The trial court stayed the sentence pending appeal.

---

[1] See, *e.g.*, *State v. Brooks,* 103 Ohio St.3d 134, 2004-Ohio-4746.

{¶13} On December 22, 2022, Padgett filed this appeal, in which she has raised one assignment of error for our review.

**Assignment of Error**

**The State failed to initiate any community control revocation procedures until almost 20 years after Padgett's community control should have been over thus the Trial Court did not have authority over Padgett to enforce any sanctions against her.**

{¶14} In the sole assignment of error, Padgett asserts that the trial court lacked the authority to conduct the community control revocation proceeding in this case. Specifically, Padgett argues that her original three-year term of community control had long since expired because it was never properly tolled by the court after Padgett absconded supervision and, further, that the potential five-year maximum period of community control had also expired without probation revocation proceedings having been initiated prior to that expiration. In support of her position, Padgett relies on *State v. Rue*, 164 Ohio St.3d 270, 2020-Ohio-6706.

*Analysis*

{¶15} R.C. 2929.15 governs community control sanctions for felonies. In relevant part, R.C. 2929.15(A)(1) provides that a court "may directly impose a sentence that consists of one or more community control sanctions" when sentencing an offender for a felony that does not require the imposition of a prison term, a mandatory prison term, or a term of life imprisonment. "The duration of all

community control sanctions imposed on an offender * * * shall not exceed five years." *Id.*

{¶16} R.C. 2929.15(A)(1) further provides that a sentence of community control may be tolled under certain conditions:

> If the offender absconds or otherwise leaves the jurisdiction of the court in which the offender resides without obtaining permission from the court or the offender's probation officer to leave the jurisdiction of the court, or if the offender is confined in any institution for the commission of any offense while under a community control sanction, the period of the community control sanction ceases to run until the offender is brought before the court for its further action.

R.C. 2929.15(A)(1).

{¶17} In *State v. Rue*, 164 Ohio St.3d 270, 2020-Ohio-6706, the Supreme Court of Ohio addressed a situation analogous to that of the instant case, where a felony offender sentenced to community control had absconded supervision but where the commencement of the revocation proceedings did not occur before the expiration of the community-control term. *Id.*, at ¶ 1-11. On those facts, the Ohio Supreme Court held that pursuant to R.C. 2929.15(A)(1), the tolling of a community control term is not automatically self-executing. Rather, the Supreme Court held, as it had previously, that "a trial court is 'authorized to conduct proceedings on the alleged community-control violations even though they were conducted after the expiration of the term of community control, *provided that the notice of violations was properly given and the revocation proceedings were commenced before the expiration.*'" *Rue*, at ¶ 18, quoting *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d

307, 2011-Ohio-226, ¶ 13 (emphasis added). Thus, pursuant to the holding in *Rue*, a trial court lacks the authority to conduct a community control revocation proceeding initiated after the expiration of the community control term, unless some other circumstance intervened to render the original expiration date inoperative. *Id.* at ¶ 20.

**{¶18}** In the instant case, Padgett was sentenced to a three-year term of community control on January 4, 2001. The community control revocation proceeding challenged by Padgett on appeal was initiated on September 30, 2022, which was well over 18 years after Padgett's three-year community-control term would have expired on January 4, 2004. Accordingly, pursuant to *State v. Rue*, *supra*, the trial court lacked the authority to conduct the community control revocation hearing in 2022 unless Padgett's community-control term had been previously tolled by some other qualifying circumstance before the term expired.

**{¶19}** At the November 23, 2022, community control revocation hearing, the prosecution argued that the arrest warrant issued for Padgett by the trial court on February 13, 2003, had served to preserve the court's authority to proceed with the revocation hearing.[2] We disagree. While that arrest warrant contained language stating that Padgett "has failed to abide by conditions of supervision" and stating that her whereabouts were unknown, we do not find that merely issuing the arrest

---

[2] The State of Ohio did not file a merit brief in this appeal.

warrant constitutes a "determination" by the trial court in "timely initiated proceedings" that the defendant had absconded, as required by the Ohio Supreme Court's decision in *Rue*. Additionally, as the Ohio Supreme Court deemed necessary in *Rue*, the arrest warrant contained no language that would have served to put Padgett on notice, even constructively, that her term of community control had been extended, or tolled, as a result of her failure to abide by the conditions of her supervision. Finally, we note that the defendant in *State v. Rue* also had warrants issued for his arrest after absconding supervision and, while not addressed directly by the Ohio Supreme Court in its decision, the fact that a warrant had been issued was seemingly not a factor relevant to the issue of whether the community control term had been tolled by the trial court.

{¶20} While not argued by the prosecution at the revocation hearing in response to Padgett's objection, we have also considered whether the "nunc pro tunc" judgment entry filed by the trial court on February 9, 2004, served to toll Padgett's term of community control. As noted above, that entry reads:

> It has come to the Court's attention that when the original Bench Warrant was issued on February 13, 2003, due to an oversight, the offender's community control supervision was not tolled. Therefore, the offender's community control supervision from February 13, 2003 has been tolled."

(Nunc Pro Tunc Judgment Entry, Docket No. 19).

{¶21} However, as this court explained in *Lowery v. Est. of White*, 3d Dist. Allen No. 1-2000-15, 2000-Ohio-1906:

The purpose of a *nunc pro tunc* order is to have the judgment of the court reflect its true action so as to make the entry speak the truth. *McKay v. McKay* (1985), 24 Ohio App.3d 74, 75, 493 N.E.2d 317. A *nunc pro tunc* order may not be used to show what the court might or should have decided, or intended to decide, but what it actually decided. *Id.* As this court has previously explained:

> The purpose of a *nunc pro tunc* order is to correct the record, to explain now-for-then judicial action actually taken at some prior time, but mistakenly omitted or recited by the original entry. A *nunc pro tunc* order may not render a judgment or modify a judgment never made in the first instance. *McKay v. McKay* (1985), 24 Ohio App.3d 74, 75, 493 N.E.2d 317, 317-318. Such order may only "record[ ] judicial action previously and actually taken." *State v. Breedlove* (1988), 46 Ohio App.3d 78, 81, 546 N.E.2d 420, 423**.**

*Showcase Homes, Inc. v. Ravenna Sav. Bank* (1998), 126 Ohio App.3d 328, 330, 710 N.E.2d 347.

*Id.*, at *1-2.

**{¶22}** In the instant case, the trial court improperly attempted to use the February 9, 2004 judgment entry to retroactively implement an order that had never been made. Accordingly, the February 9, 2004 "nunc pro tunc entry" is invalid.

**{¶23}** Thus, on the facts of the case before us, we find that at the time the community control revocation action was filed on September 30, 2022, the original three-year term of community control had long since expired because that term was never tolled by the trial court after Padgett absconded supervision. Further, both the original three-year term of community control and the potential five-year maximum period of community control also expired without revocation proceedings having

been initiated prior to that expiration.  For those reasons, and on the basis of *State v. Rue*, 164 Ohio St.3d 270, 2020-Ohio-6706, the trial court lacked the authority in this case to proceed with the community control revocation hearing in 2022.

{¶24} The assignment of error is sustained.

*Conclusion*

{¶25} Having found error prejudicial to the defendant-appellant, Amanda Padgett, in the particulars assigned and argued, the November 28, 2022 judgment of the Crawford County Court of Common Pleas is reversed.

***Judgment Reversed***

**MILLER, P.J. and WILLAMOWSKI, J., concur.**

**/hls**