[Cite as *State v. Washington*, 2024-Ohio-2670.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

DESMOND T. WASHINGTON,

        Defendant-Appellant.

CASE NO. 2024-T-0023

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2017 CR 00631

# **O P I N I O N**

Decided: July 12, 2024
Judgment: Reversed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Elizabeth Miller*, Ohio Public Defender, and *Russell Patterson*, Assistant Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43215 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Desmond Washington, appeals his sentence for a community control violation imposed by the Trumbull County Court of Common Pleas on February 21, 2024.

{¶2} Appellant raises two assignments of error arguing that the trial court sentenced him to a community control violation after his five-year term of community control had expired and that trial counsel was ineffective for failing to object to the trial court's imposition of sentence.

{¶3} After review of the record and the applicable caselaw, we find appellant's first assignment of error has merit. Appellant's term of community control expired on January 30, 2024. The trial court never issued a judicial determination that appellant had absconded prior to the expiration of his community control and the trial court did not initiate or schedule community control violation proceedings until after the expiration of the term of community control. Under these circumstances, this court adopts the holding set forth in *State v. Padgett,* 2023-Ohio-4357 (3d Dist.), finding that a warrant issued prior to the expiration of community control sanctions, without more, does not toll the time of community control.

{¶4} Therefore, the trial court did not have the authority to sentence appellant for a community control violation. The judgment of the Trumbull County Court of Common Pleas is reversed, and appellant's community control sentence is hereby vacated.

## Substantive and Procedural History

{¶5} On January 17, 2018, appellant was indicted on three counts: (1) Possession of Cocaine, a fifth-degree felony in violation of R.C. 2925.11(A) and (C)(4)(a), with a forfeiture specification; (2) Aggravated Trafficking in Drugs, a fourth-degree felony in violation of R.C. 2925.03(A)(2) and (C)(1)(a), with a forfeiture specification; and (3) Trafficking in Cocaine, a fifth-degree felony in violation of R.C. 2925.03(A)(2) and (C)(4)(a), with a forfeiture specification.

{¶6} On April 19, 2018, appellant entered a guilty plea to Counts 2 and 3 of an amended indictment.

{¶7} The trial court sentenced appellant on January 24, 2019. However, the trial court did not issue its sentencing entry until January 31, 2019. Appellant was sentenced

2

to a five-year term of community control. Both parties agree that the expiration of that five-year term was January 30, 2024.

{¶8} In January 2022, appellant admitted to violating the terms of his community control and the trial court continued his community control and imposed additional sanctions.

{¶9} On July 11, 2023, the trial court issued a "Probation Warrant." This warrant did not contain any language regarding the reason for appellant's violation, did not indicate appellant had absconded, and did not affirmatively toll appellant's term of community control.

{¶10} Appellant was apprehended on or about January 29, 2024, and on January 31, 2024, the trial court set a hearing for appellant's probation violation.

{¶11} The trial court held the probation violation hearing on February 20, 2024. Appellant admitted to the violation and the trial court sentenced appellant to 180 days in jail and ordered that his community control be terminated.

{¶12} Appellant timely appealed, raising two assignments of error.

{¶13} Concurrent with his notice of appeal, appellant also filed a motion with the trial court to stay his sentence pending his appeal. The trial court denied his motion. Appellant then filed a motion for stay of execution with this court, which we denied. Finally, appellant filed a renewed motion for stay of execution. Given the length of appellant's sentence and the hearing date set for this case, we granted appellant's motion and released him pending resolution of his appeal.

Case No. 2024-T-0023

**Assignment of Error and Analysis**

{¶14} Appellant's first assignment of error states: "The trial court erred by sentencing Mr. Washington for a community-control violation after his community-control sentence had already expired. (02/21/2024 Entry.)"

{¶15} R.C. 2929.15(A)(1) provides that a court may impose a community control sanction, not to exceed five years. After the five-year period has expired, a court loses the authority to conduct community control revocation proceedings, absent certain tolling conditions being present. R.C. 2929.15(A)(1); *State v. Rue*, 2020-Ohio-6706, ¶ 16.

{¶16} R.C. 2929.15(A)(1) states:

> If the offender absconds or otherwise leaves the jurisdiction of the court in which the offender resides without obtaining permission from the court or the offender's probation officer to leave the jurisdiction of the court, or if the offender is confined in any institution for the commission of any offense while under a community control sanction, the period of the community control sanction ceases to run until the offender is brought before the court for its further action.

{¶17} A trial court may, therefore, conduct community control violation proceedings "'after the expiration of the term of community control, provided that the notice of violations was properly given and the revocation proceedings were commenced before the expiration.'" *Rue* at ¶ 18, quoting *State ex rel. Hemsley v. Unruh*, 2011-Ohio-226, ¶ 13. In *Hemsley,* "the charge of violating community control was filed and the proceeding on the charges commenced before Hemsley's community control expired . . .." *Hemsley* at ¶ 13.

{¶18} A term of community control may be extended if the defendant has absconded or is confined in any institution. However, the tolling provision for absconding in R.C. 2929.15(A)(1) "is not automatically self-executing. Absconding in and of itself has

4

no legal force or effect on the running of the community-control term *unless and until the trial court declares that the defendant absconded*." (Emphasis added). *Rue* at ¶ 31. "It is *court action* that determines as a matter of law whether a tolling event, e.g., a willful failure to report, has occurred, thereby extending the offender's community-control term." (Emphasis in original) *Id.* at ¶ 32. The trial court must determine "in timely initiated proceedings that the defendant absconded. And it is then that the court can put the defendant on notice of the effect that his conduct had on the community-control sentence, including whether the defendant's conduct affected the expiration date of his community-control term." *Id.* at ¶ 47.

{¶19} In *Rue*, the defendant stopped reporting as required by the terms of community control in 2016. In 2017, an arrest warrant was issued, and he was later brought before the court for a violation hearing. *Id.* at ¶ 51. Nothing in the record indicated that Rue had absconded or that his community control had been tolled. *Id.* at ¶ 52. The Supreme Court rejected the contention that Rue's "time was automatically tolled even in the absence of" the trial court determining that he had absconded. *Id.* at ¶ 53.

{¶20} The Third District addressed a case that involved tolling the period of a community control sanction pursuant to an arrest warrant. *State v. Padgett*, 2023-Ohio-4357 (3d Dist.). In *Padgett*, the defendant was sentenced to three years of community control. *Id.* at ¶ 4. The trial court issued a bench warrant for the defendant's arrest prior to the expiration of the term. *Id.* at ¶ 6. However, the warrant was silent about tolling the community control term or a basis for doing so. After the expiration of the term, the trial court issued a nunc pro tunc judgment entry stating that "due to an oversight" the warrant had failed to toll Padgett's community control. *Id.* at ¶ 7. The effect of this was to toll the

5

community control term retroactively after the term had expired. *Id.* Padgett was arrested and the trial court revoked her community control. *Id.* at ¶ 13.

**{¶21}** The Third District said that the initial arrest warrant did not preserve the trial court's authority to proceed with the revocation hearing. *Id.* at ¶ 19. The court said that "merely issuing an arrest warrant" with language stating the defendant had failed to abide by the conditions of supervision and that the defendant's whereabouts were unknown did not constitute a "'determination' by the trial court in 'timely initiated proceedings' that the defendant had absconded as required by the Ohio Supreme Court's decision in *Rue*." *Id.* Further, the arrest warrant "contained no language that would have served to put Padgett on notice, even constructively, that her term of community control had been extended, or tolled, as a result of her failure to abide by the conditions of her supervision." *Id.*

**{¶22}** Importantly, the Third District observed that the defendant in *Rue* "also had warrants issued for his arrest after absconding supervision, and while not addressed directly by the Ohio Supreme Court in its decision, the fact that a warrant had been issued was seemingly not a factor relevant to the issue of whether the community control term had been tolled by the court." *Id.*

**{¶23}** Finally, the Third District said that the nunc pro tunc judgment entry was not proper because it rendered a judgment or modified a judgment never made in the first instance. *Id.* at ¶ 21. Therefore, the entry was invalid because it retroactively implemented "an order that had never been made." *Id.* at ¶ 22.

**{¶24}** In this case, the question before us is relatively narrow. The parties agree about the following: (1) appellant's community control expired on January 30, 2024; (2) the trial court issued a "Probation Warrant" on July 6, 2023, prior to the expiration of

6

appellant's community control sanction; (3) the trial court never issued a determination (either in the Probation Warrant or otherwise) that appellant had absconded prior to the expiration of his community control sanction; and (4) the trial court did not initiate formal proceedings or schedule the community control violation proceedings until January 31, 2024, which was after the expiration of the community control sanction.

{¶25} Initially, this case is unlike *State v. Sayers*, 2023-Ohio-672 (11th Dist.). There, we determined that the trial court had initiated formal proceedings regarding the defendant's probation violations during the valid period of probation. *Id.* at ¶ 20. Both parties agree that did not happen here.

{¶26} The primary disagreement, and the central question before this court, is whether the trial court's issuance of the Probation Warrant alone was sufficient to constitute a determination that appellant had absconded, thus tolling the expiration of appellant's community control sanctions.

{¶27} Both parties acknowledge that *Padgett* is on point. *Padgett* held that the mere issuance of an arrest warrant does not constitute a determination by the trial court that the defendant had absconded where the warrant does not contain language that would put a defendant on notice, even constructively, that the term of community control had been tolled or extended as a result of a failure to abide by the conditions of supervision. *Id.* at ¶ 19.

{¶28} The State argues that this holding is merely persuasive, but does not offer any analysis suggesting how an alternative reading of *Rue* is more appropriate. The State has not cited, nor have we found, any Ohio decision holding contrary to *Padgett* on

7

analogous facts. Appellant's reply brief argues that the *Padgett* holding is a necessary conclusion flowing from *Rue.* We find *Padgett* compelling and adopt its holding.

{¶29} The *Padgett* holding is a sound holding derived directly from the clear law set forth by the Ohio State Supreme Court in *Rue.* The tolling provision for absconding in R.C. 2929.15(A)(1) "is not automatically self-executing. Absconding in and of itself has no legal force or effect on the running of the community-control term *unless and until the trial court declares that the defendant absconded.*" (Emphasis added). *Rue,* 2020-Ohio-6706 at ¶ 31.

{¶30} Additionally, nothing in the record suggests, and the State does not argue, that appellant was confined in any institution for the commission of any offense while under his community control sanction. Certainly, the trial court never made such a finding to toll the expiration of his community control. *See Rue* at ¶ 49. (Stating the "introductory 'if' clause for prison confinement" in R.C. 2929.15(A)(1) "is followed by a comma, which in turn is followed by the consequence clause stating, 'the period of the community control sanction ceases to run until the offender is brought before the court for its further action.'" *Id.* "The General Assembly's use of the word 'if' followed by the consequence clause manifests an intent to establish that the circumstance . . . is a conditional matter of fact that must be determined by the court. So, . . . that tolling cannot be given legal *effect* until the court has determined that the offender in fact" has been confined. (Emphasis in original) *Id.*).

{¶31} Without more, the mere issuance of a warrant will not automatically toll the expiration of a community control sanction. The trial court's failure to act means that

8

appellant's community control sanction was not tolled for absconding or being confined for any offense while under a community control sanction.

{¶32} Accordingly, appellant's first assignment of error has merit.

{¶33} Appellant's second assignment of error states: "Mr. Washington was deprived of the effective assistance of counsel when his trial attorney did not object to the trial court's authority to sentence Mr. Washington (T.p. 21-27)."

{¶34} Because of our resolution on the first assignment of error, appellant's second assignment of error is moot.

{¶35} Accordingly, the trial court did not have the authority to sentence appellant to a community control violation. The judgment of the Trumbull County Court of Common Pleas is reversed, and appellant's community control sentence is hereby vacated.

MATT LYNCH, J.,

ROBERT J. PATTON, J.,

concur.