[Cite as *State v. Barry*, 2024-Ohio-5267.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

MICHAEL JOSEPH BARRY,

        Defendant-Appellant.

CASE NO. 2024-T-0049

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2020 CR 00111

**O P I N I O N**

Decided: November 4, 2024
Judgment: Reversed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Elizabeth Miller*, Ohio Public Defender, and *Max Hersch*, Assistant Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43215, and *Heather R. Ninni*, Assistant Public Defender, 108 Main Avenue, S.W., Suite 302C, Warren, OH 44481 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Michael J. Barry, appeals the judgment of the Trumbull County Court of Common Pleas finding him guilty of a community control violation and sentencing him to 180 days in the Trumbull County Jail. For the following reasons, we reverse the judgment of the court below.

{¶2} On September 17, 2020, Barry entered a plea of guilty to a single count of Attempted Breaking and Entering, a misdemeanor of the first degree in violation of R.C. 2911.13(A) and (C).

{¶3} On November 12, 2020, Barry was sentenced to a suspended 180-day jail sentence, a suspended $1,000 fine, and three years of probation (community control sanction).

{¶4} On January 27, 2023, a probation warrant was issued for Barry's arrest for an unspecified probation violation. No return of service for the warrant is recorded and the warrant was canceled on May 8, 2024.

{¶5} On May 10, 2024, the trial court scheduled a probation violation hearing for May 30, 2024.

{¶6} On May 30, 2024, the trial court found Barry guilty of a community control violation and sentenced him to 180 days in the Trumbull County Jail, over defense counsel's objection that probation had expired. Execution of Barry's sentence was stayed on July 11, 2024.

{¶7} On June 3, 2024, Barry filed a Notice of Appeal. On appeal, he raises the following assignment of error: "The trial court erred when it sentenced Mr. Barry for a community-control violation after his community-control sentence had already expired." The State acknowledges that "Appellant's arguments have merit."

{¶8} Whether a lower court is authorized to conduct proceedings for a violation of community control and/or probation is reviewed de novo. *State v. Sayers*, 2023-Ohio-672, ¶ 9 (11th Dist.).

Case No. 2024-T-0049

{¶9} It is well-established that a court of common pleas lacks authority to revoke a defendant's community control and/or probation and impose sentence after the period of community control has expired. *State v. Rue*, 2020-Ohio-6706, ¶ 16; *Sayers* at ¶ 11 (although *Rue* was a felony case governed by R.C. 2929.15(A)(1), "its holding is applicable to misdemeanor matters since both the felony and misdemeanor statutes relating to probation/community control contain essentially identical provisions"). "A community control sanction continues for the period that the judge or magistrate determines and … may be extended." R.C. 2951.07. "If the offender under community control absconds or otherwise leaves the jurisdiction of the court without permission from the probation officer, the probation agency, or the court to do so, or if the offender is confined in any institution for the commission of any offense, the period of community control ceases to run until the time that the offender is brought before the court for its further action." *Id.* Likewise, "a trial court is 'authorized to conduct proceedings on the alleged community-control violations even though they were conducted after the expiration of the term of community control, provided that the notice of violations was properly given and the revocation proceedings were commenced before the expiration.'" (Citation omitted.) *Rue* at ¶ 18.

{¶10} Barry's violation hearing occurred after the expiration of his community control sanction. The issue is whether the issuance of the probation warrant extended this period. This Court has, in two prior decisions, held that the issuance of a warrant does not extend the period of community control. *State v. Washington*, 2024-Ohio-2670, ¶ 31 (11th Dist.); *State v. Davila*, 2024-Ohio-2672, ¶ 10 (11th Dist.). These holdings are dispositive of the present appeal.

3

{¶11} Barry's sole assignment of error is with merit.

{¶12} For the foregoing reasons, we reverse the judgment of the court below. Costs to be taxed against the appellee.


EUGENE A. LUCCI, P.J.,

ROBERT J. PATTON, J.,

concur.

4