[Cite as *State v. Havron*, 2025-Ohio-5373.]

**IN THE COURT OF APPEALS OF OHIO**
**THIRD APPELLATE DISTRICT**
**HANCOCK COUNTY**


STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

REBECCA A. HAVRON,

    DEFENDANT-APPELLANT.

CASE NO. 5-25-17


OPINION AND
JUDGMENT ENTRY


**Appeal from Hancock County Common Pleas Court**
**Trial Court No. 2014-CR-76**

**Judgment Reversed and Cause Remanded**

**Date of Decision:  December 1, 2025**


**APPEARANCES:**

    *W. Alex Smith* **for Appellant**

    *Maalaea K. Newell* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Rebecca A. Havron ("Havron"), appeals the June 4, 2025 judgment entry of the Hancock County Court of Common Pleas denying her motion to lift bench warrant. For the reasons that follow, we reverse the trial court's judgment.

{¶2} On April 1, 2014, the Hancock County Grand Jury indicted Havron on a single count of domestic violence in violation of R.C. 2919.25(A), a fourth-degree felony. Havron appeared for arraignment on April 9, 2014, and entered a plea of not guilty.

{¶3} On June 12, 2014, Havron withdrew her plea of not guilty and entered a plea of guilty to the indictment. The trial court accepted Havron's guilty plea, found her guilty, and ordered a presentence investigation.

{¶4} On July 31, 2014, the trial court sentenced Havron to a five-year term of community control. The sentence was journalized by entry filed on August 18, 2014.

{¶5} On May 27, 2016, the trial court issued a bench warrant for Havron's arrest. The warrant alleged that Havron had failed to comply with the conditions of her supervision. No return of service for the warrant is in the record.

{¶6} More than eight years later, on February 5, 2025, Havron filed a motion requesting that the trial court lift the bench warrant on the basis that her five-year

term of community control had expired by operation of law in 2019. In support of her position, Havron relied on *State v. Rue*, 2020-Ohio-6706, wherein the Supreme Court of Ohio held that the tolling provision for absconding under R.C. 2929.15(A)(1) is not self-executing and does not automatically extend supervision time "unless and until the trial court declares that the defendant absconded." *Rue* at ¶ 31.

{¶7} The State did not file a response to Havron's motion.

{¶8} On June 4, 2025, without setting forth any legal analysis, the trial court denied Havron's motion to lift bench warrant.

{¶9} On June 18, 2025, Havron filed her notice of appeal, raising one assignment of error for our review.

**Assignment of Error**

**The Trial Court Erred And Abused Its Discretion To The Prejudice Of The Appellant By Denying The Motion To Lift The Warrant.**

{¶10} In her sole assignment of error, Havron argues that the trial court abused its discretion by denying her motion to lift bench warrant "[b]ecause the court no longer had authority to enforce the community control sentence." (Appellant's Brief at 5). Specifically, Havron asserts that "[a]lthough a warrant was issued in 2016, the trial court never once issued the required judgment entry declaring that [she] had absconded. Without that critical entry, the clock on her sentence never stopped." (*Id.*). We agree.

*Standard of Review*

{¶11} "A determination of the trial court's authority to conduct community control proceedings after the expiration of the term of community control involves the trial court's application of the community control statute." *State v. Browning*, 2022-Ohio-386, ¶ 12 (10th Dist.). "An appellate court reviews a trial court's interpretation and application of a statute de novo." *Id.*

*Analysis*

{¶12} R.C. 2929.15 governs the imposition of community control and provides that "[t]he duration of all community control sanctions imposed on an offender under this division shall not exceed five years." R.C. 2929.15(A)(1). However, a community-control sentence may be tolled under certain conditions. In relevant part, R.C. 2929.15(A)(1) states:

> If the offender absconds or otherwise leaves the jurisdiction of the court in which the offender resides without obtaining permission from the court or the offender's probation officer to leave the jurisdiction of the court, or if the offender is confined in any institution for the commission of any offense while under a community control sanction, the period of the community control sanction ceases to run until the offender is brought before the court for its further action.

{¶13} In *State v. Rue*, 2020-Ohio-6706, the Supreme Court of Ohio held that "tolling for absconding under R.C. 2929.15(A)(1) is not automatically self-executing." *Rue* at ¶ 31. "Absconding in and of itself has no legal force or effect on the running of the community-control term *unless and until the trial court*

*declares that the defendant absconded*." (Emphasis added). *Id.* The Supreme Court explained as follows:

> While we have no disagreement that the defendant's failure to report to probation while serving a community-control sentence may trigger tolling under R.C. 2929.15(A)(1), that conduct does not by itself have any cognizable legal effect unless and until the trial court, through "its further action," determines in timely initiated proceedings that the defendant absconded. And it is then that the court can put the defendant on notice of the effect that his conduct had on the community-control sentence, including whether the defendant's conduct affected the expiration date of his community-control term.

*Id.* at ¶ 46. Thus, pursuant to the holding in *Rue*, the trial court must make a "determination" in "timely initiated proceedings" that the defendant absconded to effectuate the tolling provision of R.C. 2929.15(A)(1).

{¶14} Furthermore, in *State v. Padgett*, 2023-Ohio-4357 (3d Dist.), this court concluded that the mere issuance of an arrest warrant, without more, does not constitute a determination by the trial court that the defendant absconded as required by *Rue*. *Padgett* at ¶ 19.

> While that arrest warrant contained language stating that Padgett "has failed to abide by conditions of supervision" and stating that her whereabouts were unknown, we do not find that merely issuing the arrest warrant constitutes a "determination" by the trial court in "timely initiated proceedings" that the defendant had absconded, as required by the Ohio Supreme Court's decision in *Rue*. Additionally, as the Ohio Supreme Court deemed necessary in *Rue*, the arrest warrant contained no language that would have served to put Padgett on notice, even constructively, that her term of community control had been extended, or tolled, as a result of her failure to abide by the conditions of her supervision.

*Id.* In *Padgett*, we reasoned that since the trial court never made a determination that Padgett had absconded, her term of community control was never tolled such that the trial court lacked authority to take further action because the original term of community control had long since expired. *Id.* at ¶ 23.

{¶15} In the instant case, Havron was sentenced to a five-year term of community control on July 31, 2014, journalized by entry filed on August 18, 2014. Less than two years later, the trial court issued a bench warrant for Havron's arrest on May 27, 2016. Although the warrant states that Havron failed to comply with the conditions of her supervision, the warrant does not declare that Havron absconded—nor did the trial court ever make a determination that she had absconded. *Rue* at ¶ 31. Moreover, the warrant does not contain language that would put Havron on notice, even constructively, that the term of community control had been tolled as a result of her failure to abide by the conditions of supervision. *Padgett* at ¶ 19.

{¶16} Based on the facts of the case before us, we conclude that at the time Havron filed her motion to lift bench warrant on February 5, 2025, the five-year term of community control had long since expired because the term was never tolled by the trial court when it issued the bench warrant on May 27, 2016. Thus, the trial court lacks authority to take further action on Havron's community-control sentence.

{¶17} Accordingly, Havron's sole assignment of error is sustained.

**{¶18}** Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the Hancock County Court of Common Pleas and remand for further proceedings consistent with this opinion.

***Judgment Reversed***
***and Cause Remanded***

**WALDICK, P.J. and WILLAMOWSKI, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is sustained and it is the judgment and order of this Court that the judgment of the trial court is reversed with costs assessed to Appellee for which judgment is hereby rendered. The cause is hereby remanded to the trial court for further proceedings and for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

William R. Zimmerman, Judge

Juergen A. Waldick, Judge

John R. Willamowski, Judge

DATED:
/hls