[Cite as *State v. Nuniviller*, 2026-Ohio-408.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

CHARLES MARTIN NUNIVILLER,

    DEFENDANT-APPELLANT.

CASE NO. 14-25-12

OPINION AND
JUDGMENT ENTRY

Appeal from Union County Common Pleas Court
Criminal Division
Trial Court No. 17 CR 169

**Judgment Affirmed**

**Date of Decision: February 9, 2026**

APPEARANCES:

    *Alison Boggs* **for Appellant**

    *Raymond Kelly Hamilton* **for Appellee**

**MILLER, J.**

{¶1} Defendant-appellant, Charles M. Nuniviller ("Nuniviller"), appeals the December 11, 2024 judgment entry of the Union County Court of Common Pleas finding him to have violated his community control and imposing a prison term. Nuniviller contends he had served the maximum period of time on community control and the trial court lacked authority to impose the prison term. As explained below, we find no error in the trial court's judgment.

*Factual Background*

{¶2} On October 26, 2017 Nuniviller entered a guilty plea to a two count indictment charging him with theft, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree and engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a felony of the second degree. Nuniviller was sentenced on December 20, 2017. Pursuant to a negotiated plea agreement, Nuniviller was sentenced to community control supervision for five years with the understanding that a violation of supervision could result in consecutive prison sentences of eleven months for the theft charge and seven years for the corrupt activity charge.

{¶3} Thereafter, on three separate occasions, the trial court tolled Nuniviller's community control supervision and issued capiases for his arrest. First, on June 28, 2018 Nuniviller's supervising officer filed a request with the trial court to toll community control and issue a capias claiming Nuniviller had absconded

from supervision. The next day the trial court filed a journal entry granting both requests. The docket reflects the clerk of courts sent a notice of the capias to Nuniviller on July 2, 2018. Several weeks later, Nuniviller was taken into custody on the capias. A violation of community control was never filed and there were no hearings regarding the matter. Instead, Nuniviller's supervising officer filed a request to lift the capias indicating Nuniviller had contacted her and advised her of his whereabouts. The trial court granted the request by vacating the capias and ending the tolling of Nuniviller's community control effective as of July 31, 2018.

{¶4} Nuniviller remained on supervision for over three years until October 20, 2021 when, at the request of Nuniviller's supervising officer, the trial court filed the second journal entry tolling community control and ordering a capias be issued due to allegations that Nuniviller again absconded from supervision. The clerk of courts mailed a copy of the Request to Toll Community Control and Issue Capias to Nuniviller at his last known address but it was returned do to an "insufficient address."[1] The capias remained outstanding until January 14, 2023[2] when Nuniviller was taken into custody by the Union County Sheriff. On January 18, 2023, a Notice of Alleged Community Control Violations was filed claiming, among other allegations, that Nuniviller had absconded from supervision. This

---

[1] In addition to docketing the mailing, the clerk also filed the returned envelope containing the probation officer's request.

[2] The return of the capias indicates it was served in January of 2022. In spite of Nuniviller's insinuations of some impropriety, it is more likely this was a clerical error by the deputy filing the return in the early days of a new calendar year.

notice was served on Nuniviller by the sheriff along with an affidavit of indigency for the appointment of counsel and a written explanation of his rights. At the subsequent hearing held on January 26, 2023, Nuniviller admitted to all of the violations. The trial court sentenced him for the violations on February 14, 2023 at which time the trial court continued him on community control supervision and ordered him to complete an additional term at a community based correctional facility.

{¶5} A third capias was issued with the trial court filing a judgment entry tolling community supervision on December 19, 2023, once more at the request of Nuniviller's supervising officer. The clerk of courts again sent notice of the capias to Nuniviller at his last known address which was returned by the post office as "not deliverable." This capias remained outstanding for almost a year, not being served until November 26, 2024. A Notice of Alleged Community Control Violations indicating he again absconded from supervision was filed on December 2, 2024 and subsequently served on Nuniviller. On December 10, 2024 the trial court conducted a hearing on the alleged violations. Nuniviller admitted he stopped reporting to his probation officer. The trial court terminated his community control and imposed a prison term of seven years and eleven months. The trial court journalized its decision the next day.

{¶6} Nuniviller appeals from this judgment asserting as his single assignment of error:

**The trial court lacked authority to sentence appellant for a probation violation after the terms of his community control expired.**

{¶7} Nuniviller contends he was originally sentenced on December 20, 2017[3] to a five-year term of community control which expired on December 20, 2022 and the trial court lacked authority to find him in violation of community control after that date because the trial court failed to properly toll the periods of his community control when he absconded supervision.

*Standard of Review*

{¶8} Because this case involves the application of R.C. 2929.15(A), we review de novo the trial court's authority to conduct community control proceedings after the expiration of the term of community control. *State v. Havron*, 2025-Ohio-5373, ¶ 11 (3d Dist.); *State v. Sayers*, 2023-Ohio-672, ¶ 9 (11th Dist.).

*Relevant Authority*

{¶9} R.C. 2929.15(A)(1) provides that a court may impose a period of community control, not to exceed five years. After the five-year period has expired, the sentencing court loses authority to conduct community control revocation proceedings, absent certain tolling conditions being present. R.C. 2929.15(A)(1); *State v. Rue*, 2020-Ohio-6706, ¶ 18. In relevant part, R.C. 2929.15(A)(1) states:

> The duration of all community control sanctions imposed on an offender under this division shall not exceed five years. If the offender absconds or otherwise leaves the jurisdiction of the court

---

[3] The trial court filed its sentencing entry that same day, thus commencing the five year period of community control. *See State v. Rue*, 2020-Ohio-6706, ¶ 4, fn. 1.

in which the offender resides without obtaining permission from the court or the offender's probation officer to leave the jurisdiction of the court, or if the offender is confined in any institution for the commission of any offense while under a community control sanction, the period of the community control sanction ceases to run until the offender is brought before the court for its further action.

{¶10} The Supreme Court of Ohio has held that "tolling for absconding under R.C. 2929.15(A)(1) is not automatically self-executing." *Rue* at ¶ 31. A trial court has authority "'to conduct proceedings on the alleged community-control violations even though they were conducted after the expiration of the term of community control, provided that the notice of violations was properly given and the revocation proceedings were commenced before the expiration.'" *Id.* at ¶ 18, quoting *State ex rel. Hemsley v. Unruh*, 2011-Ohio-226, ¶ 13. The Court in *Rue* was clear that "[a]bsconding in and of itself has no legal force or effect on the running of the community control term *unless and until the trial court declares that the defendant absconded*." (Emphasis added.) *Rue* at ¶ 31. "It is *court action* that determines as a matter of law whether a tolling event, e.g., a willful failure to report, has occurred, thereby extending the offender's community-control term." (Emphasis in original.) *Id.* at ¶ 32.

{¶11} The question becomes, "What constitutes court action?" In *Rue*, the defendant was sentenced to five years of community control supervision in June of 2012. His supervision was therefore set to expire in June of 2017. Rue stopped reporting to his supervising officer in November of 2016. However, a warrant for

his arrest was not issued until March of 2017 and he was not brought before the sentencing court until April 2017. The court ordered Rue to continue on community control. Nothing in the record indicated that Rue had absconded or that his community control had been tolled. *Id.* at ¶ 52. In June of 2017 Rue again stopped reporting. "No revocation proceedings were initiated, however, until December 18, 2017 *when a warrant for his arrest was issued*." (Emphasis added.) *Id*. at ¶ 55. However, simply issuing an arrest warrant is not sufficient to toll the period of supervision. The Court elaborated on this point by reiterating that a trial court is "'authorized to conduct proceedings on the alleged community-control violations even though they were conducted after the expiration of the term of community control, *provided that the notice of violations was properly given and the revocation proceedings were commenced before the expiration.*'" (Emphasis in original). *Id.* at ¶ 56, quoting *Hemsley* at ¶ 13. "Thus, pursuant to the holding in *Rue*, the trial court must make a 'determination' in 'timely initiated proceedings' that the defendant absconded to effectuate the tolling provision of R.C. 2929.15(A)(1)." *Havron*, 2025-Ohio-5373, at ¶ 13.

{¶12} Moreover, in *State v. Padgett*, 2023-Ohio-4357 (3d Dist.), we addressed a case that involved the tolling of a period of community control pursuant to an arrest warrant and held the issuance of an arrest warrant alone did not preserve the trial court's authority to proceed with the revocation hearing because the warrant was silent about tolling the community control term.

> While that arrest warrant contained language stating that Padgett "has failed to abide by conditions of supervision" and stating that her whereabouts were unknown, we do not find that merely issuing the arrest warrant constitutes a "determination" by the trial court in "timely initiated proceedings" that the defendant had absconded, as required by the Ohio Supreme Court's decision in *Rue*. Additionally, as the Ohio Supreme Court deemed necessary in *Rue,* the arrest warrant contained no language that would have served to put Padgett on notice, even constructively, that her term of community control had been extended, or tolled, as a result of her failure to abide by the conditions of her supervision. Finally, we note that the defendant in *State v. Rue* also had warrants issued for his arrest after absconding supervision and, while not addressed directly by the Ohio Supreme Court in its decision, the fact that a warrant had been issued was seemingly not a factor relevant to the issue of whether the community control term had been tolled by the trial court.

*Id.* at ¶ 19. *See also State v. Washington*, 2024-Ohio-2670 (11th Dist.) and *State v. Davila*, 2024-Ohio-2672 (11th Dist.).

*Analysis*

{¶13} In the instant case, each capias issued for Nuniviller's arrest contained language to the effect that Nuniviller had absconded from supervision. The State suggests in its brief that this verbiage coupled with an admonition given in 2017 when Nuniviller entered into a negotiated plea on the charges, were sufficient to provide actual notice of R.C. 2929.15's tolling provisions should he abscond from supervision. While the admonishment at the time of the plea hearing may have made Nuniviller aware of the potential tolling of his community control time, we do not find such notice to constitute the court action contemplated by *Rue* to effectuate a tolling of the period of supervision. On the contrary, *Rue* requires the trial court

declare that the defendant absconded. *Rue*, 2020-Ohio-6706, at ¶ 31. Further, such a declaration contained in a bench warrant is not sufficient, as a court speaks only through its journal.

{¶14} We find that the trial court complied with the dictates set forth by the Supreme Court in *Rue* by specifying in its judgment entries filed on June 29, 2018, October 20, 2021, and December 19, 2023 that Nuniviller had absconded from supervision and ordering Nuniviller's remaining community control time to be tolled. In addition to the capiases containing references to Nuniviller absconding supervision, the clerk of courts attempted to notify Nuniviller of the court action by mailing a related document to the last address the clerk had on file. Thereafter, once Nuniviller was apprehended, the trial court ensured he was promptly served with 1) the notice of the alleged community control violations each of which contained an allegation of him absconding, 2) an affidavit of indigency for the appointment of counsel, and 3) a written explanation of his rights.[4] Further, at the violation hearings held after his arrest on the second and third capiases, Nuniviller admitted to having absconded from supervision.

{¶15} We conclude the procedures employed by the trial court each time Nuniviller absconded from supervision were sufficient to effectuate the tolling of the period of his community control supervision. Thus, the trial court was acting

---

[4] These notices were not provided to Nuniviller after his arrest on the first capias due to the capias being lifted and his release back on community control supervision.

within its authority when, on December 10, 2024, it ultimately ordered the termination of community control supervision and Nuniviller's imprisonment on the original charges, albeit the hearing was after the five-year period of supervision would have ended.

{¶16} The assignment of error is overruled.

{¶17} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Union County Court of Common Pleas.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

Case No. 14-25-12

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The cause is  hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.

Mark C. Miller, Judge

William R. Zimmerman, Judge

John R. Willamowski, Judge

DATED:
/jlm

-11-